**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

v.

**Larry EUBANKS, Sr., Lorene Eubanks, Sherry Gene Eubanks Crimm, and Judy Lynn Eubanks, Defendants.**

**No. WC84–81–NB–D.**

United States District Court, N.D. Mississippi, W.D.

July 19, 1985.

Wylene Dunbar, Oxford, Miss., for plaintiff.

William Liston, Winona, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This diversity action is before the court on the parties' cross-motions for summary judgment. The issue before the court is the proper interpretation of the coverage afforded by the uninsured motorist provisions of three State Farm automobile insurance policies under applicable Mississippi law. Both parties agree that this issue should be decided by the court as a question of law and that there exists no genuine dispute as to any material issues of fact. Accordingly, both parties agree that this is an appropriate case for summary judgment under Rule 56, Fed.R.Civ.P.

On May 6, 1983, Larry Eubanks, Jr. was killed in an automobile accident caused by the negligence of the operator of an uninsured motor vehicle.[1] The deceased was

---

1. As will be discussed more fully, the tort feasor in this case carried liability insurance in an amount less than the coverage afforded under any interpretation of the three State Farm policies. Accordingly, by statutory definition, the tort feasor's automobile was an "uninsured motor vehicle." Miss.Code Ann. § 83–11–103 (1972).

survived by his parents and two sisters. These four individuals are the sole heirs and statutory beneficiaries of the deceased under the Mississippi Wrongful Death Act, Miss.Code Ann. § 11–7–13 (1972). Each of these individuals was named as a defendant herein and each of the four defendants has filed a separate counterclaim against State Farm seeking payment of his or her damages from the uninsured motorist benefits payable under the State Farm policies. Each defendant seeks summary judgment as to his or her separate counterclaim. The plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter State Farm), also seeks a partial summary judgment to limit the maximum liability of State Farm under the subject insurance policies to $45,000.00, exclusive of any set-offs. The defendants, on the other hand, take the position that each of the four is entitled under the policies to recover his or her separate damages up to the aggregated per person limits of uninsured motorist coverage ($45,000.00), assuming his or her damages reach those limits, subject to the policy's overall maximum per accident limit of $90,000.00. The defendants also take the position that State Farm is not entitled to reduce its uninsured motorist coverage by offsetting against that coverage the amount of $10,000.00 which was paid to the defendants on behalf of the driver of the motor vehicle by that driver's liability carrier.

At the time of the accident and death of the decedent, the Eubanks family was covered by three separate policies of automobile liability insurance purchased from State Farm. These three policies provided uninsured motorist coverage with the following limits of liability:

| Policy No. | Each Person | Each Accident |
|---|---|---|
| 145 6952–C21–24C | $25,000.00 | $50,000.00 |
| 148 5656–E13–24 | $10,000.00 | $20,000.00 |
| 151 3921–F02–24A | $10,000.00 | $20,000.00 |

The terms of the three State Farm policies are identical. In accordance with the requirements of Miss.Code Ann. § 83–11–101 (1972), the State Farm policies contain an uninsured motorist endorsement obliging State Farm:

... to pay all sums which the *insured* (emphasis added) or his legal representative shall be entitled to recover as damages from the owner of an uninsured motor vehicle ... up to the stated policy limits.

The dispute between State Farm and the four Eubanks beneficiaries concerns the extent of the uninsured motorist coverage afforded under the terms of the policies, a matter of contract interpretation.

State Farm contends that the maximum coverage afforded under its policies is $45,000.00 (subject to a claimed right of setoff of $10,000.00 as described above).

The Eubanks beneficiaries contend, however, that the maximum coverage afforded under the State Farm policies is $90,000.00. Each of the Eubanks survivors is, by policy definition, an "insured" under each of the three State Farm policies. Since the policies oblige State Farm to "pay damages for bodily injury and property damage *an insured* is legally entitled to collect from the owner or driver of an uninsured motorist vehicle" up to the stated policy limits of $45,000.00 per person and $90,000.00 per accident, each of the Eubanks beneficiaries takes the position that each is entitled to recover his or her provable damages up to the aggregated per person limits of $45,000.00, subject to an overall per accident limitation of $90,000.00.

State Farm's position to the court is that since only one injury occurred—the fatal injury to Larry Eubanks, Jr.—the Eubanks survivors *as a group* are limited to a single aggregation of the per person limits of coverage, and therefore the maximum fund available under the policies to satisfy the claims of the Eubanks beneficiaries is $45,000.00. It is State Farm's position that the per person limits of uninsured motorist coverage afforded under its policies refer not to each *insured*, but rather to the *injured party* only.

After consideration of the pleadings and briefs submitted by the parties, the court is of the opinion that the liability provisions of the subject policies under which the defendants are claiming are subject to the "Each Person" limitation for the group of

beneficiaries and that such limitation is not increased simply because there is more than one insured. Accordingly, State Farm's maximum liability to all defendants jointly under the terms of its policies is the aggregate of the "Each Person" limits of the three subject policies, which amount is $45,000.00. This is the interpretation of the policy which best complies with ordinary usage and meaning. *Continental Casualty Co. v. Hester,* 360 So.2d 695 (Miss.1978). To hold differently would result in the amount of liability under a policy depending in large part on the number of statutory beneficiaries an insured might have. An insured with a large family would have more coverage than an insured with an identical policy but a small family. The plaintiff's motion for partial summary judgment will be granted.

After consideration of the motion of the defendants herein that State Farm should not be allowed to reduce its uninsured motorist coverage by offsetting against that coverage the sums paid to the defendants herein by another company on behalf of the under-insured driver, it is the opinion of the court that the clear language of the policies provides for such reduction in liability (page 9 of the policy) and is controlling in this case. Accordingly, it is the opinion of the court that the defendants' motion for summary judgment should be denied.

An order will be entered accordingly.