475 So.2d 1159 (1985)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Susan T. KUEHLING.
No. 54962.
Supreme Court of Mississippi.
September 11, 1985.
*1160 Billy W. Hood, Leslie Scott Sheffield, Bryan, Nelson, Allen, Schroeder & Cobb, Gulfport, for appellant.
Joe Sam Owen, Owen & Galloway, Gulfport, for appellee.
Before WALKER, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
The issue of this appeal is whether underinsured motorist coverage of an insurance company may require offset for payments of the tortfeasor's liability carrier. The answer turns upon an interpretation of the Mississippi Uninsured Motorist Act and the construction of the parties' contract. After analysis of the Act and the contract, this Court holds that an insurance company may offset the tortfeasor's payments against underinsurance benefits. Susan T. Kuehling sued the driver and the owner of an automobile, together with her own uninsured motorist carrier for damages sustained by her in an automobile accident. On a summary judgment motion, the trial court held the insured entitled to receive total coverage limits afforded by her uninsured motorist coverage plus amounts received from the tortfeasor's liability carrier, without offset. State Farm Mutual Automobile Insurance Company appeals asserting that the trial court erred as a matter of law in granting to Kuehling, and denying to State Farm, a motion for summary judgment.
The assignment of error is based upon the contention that:
A. The Mississippi Uninsured Motorist Act, Miss. Code Ann. § 83-11-101 et seq. (Supp. 1982), makes a clear distinction between uninsured and underinsured motorist coverage and, by definition alone, creates a wholly separate category of insurance coverage entitling insureds to collect as benefits under uninsured coverage only that amount by which the underinsurance limits of liability exceed the liability coverage of the adverse driver.
B. In creating underinsured motorist coverage by amendment of Miss. Code Ann. § 83-11-103(c)(iii) in 1979, the Mississippi Legislature did not intend to abrogate the rights of underinsured motorist carriers to subrogation as provided by Miss. Code Ann. § 83-11-107 (1972) and, therefore, the two statutory provisions must be construed in conjunction with each other, resulting in the allowance of a credit to the underinsured motorist carrier in the amount of the liability payment of the adverse driver in lieu of subrogation.

I.
On November 26, 1981, Susan T. Kuehling suffered substantial injuries when involved in a headon collision with a vehicle driven by Timothy Sparling and owned by William Herring. The driver, Timothy Sparling, whose negligence was the cause of the accident, was covered through a personal liability policy with maximum coverage of $10,000. William Herring was uninsured. The appellee, Susan T. Kuehling, was insured through two separate liability policies issued by State Farm in the amount of $10,000, allowing aggregate coverage of $20,000.
*1161 On August 4, 1982, without written consent, but with knowledge of State Farm, appellee executed a "full and final release of all claims" for $10,000 with Timothy Sparling; and on August 10, 1982, she dismissed with prejudice her action against Sparling and Herring reserving her right to pursue her uninsured motorist claim against State Farm.
State Farm voluntarily paid to the appellee $5,000 representing the maximum medical payments benefit under the policy and $10,000 of uninsured motorist coverage  an amount determined by State Farm to be the full extent to which she was entitled, based upon the difference between the aggregated $20,000 maximum and the $10,000 coverage afforded by the settlement with Sparling. Appellee claimed that she was entitled to the full $20,000 payment from State Farm notwithstanding the fact that the tortfeasor's payment had compensated her to the extent of $10,000.
In January, 1983, both parties filed motions for summary judgment. Stipulations entered by the parties provided that:
(1) The appellee incurred hospital, medical expenses, and lost wages totaling $11,382.90;
(2) The appellee was not at fault for the accident; and
(3) In the event the lower court ordered the appellant to pay the additional $10,000 in controversy and if that ruling was then affirmed by this Court, then the appellant would agree to make the $10,000 payment sought by the appellee without further proof being submitted to the lower court, thus preventing this case from being in the nature of an interlocutory appeal. The court below rendered judgment in favor of appellee in the amount of $10,000.

II.
State Farm contends that the insurance contract under which the parties were operating expressly authorized the insurance company to reduce, or offset, the amount of underinsured motorist coverage by any amount received by the insured from one legally liable for damages to the insured.
The contract in pertinent part states that the limits of liability are as follows:
A. Any amount payable under this section for bodily injury (property damage) shall be reduced by:
(1) Any amount paid or payable to or for the insured:
(a) By or for any person or organization who is or may be held legally liable for the bodily injury sustained by the insured;
(2) An amount equal to total limits of liability for bodily injury (property damage) of all liability policies that apply to the accident.
Kuehling argues that the underinsurance motorist statute has no provision allowing setoffs such as those set forth by the insurance policy. She further contends that any attempt by State Farm, through its policy provisions, to reduce or setoff the underinsured motorist coverage by the amounts paid on behalf of the tortfeasor is invalid and unenforceable under the Mississippi statute.
We agree that a policy cannot cut down on coverage which the Motor Vehicle Safety Responsibility Act is intended to require by including clauses which attempt to limit the statutory requirements. McMinn v. New Hampshire Insurance Co., 276 So.2d 682 (1973). In Talbot v. State Farm Mutual Automobile Insurance Co., 291 So.2d 699 (Miss. 1974) an insurance company sought a deduction from its uninsured motorist liability for payments made under the medical coverage of the same insurance. This Court prohibited such a deduction since it would reduce the statutory requirement for payment of $5,000 of uninsured motorist coverage. Id. at 703. No such conflict is present in the case sub judice; State Farm has already paid to Kuehling the $10,000 minimum required by the Mississippi Motor Vehicle Safety Responsibility Law. Miss. Code Ann. § 83-11-101 (Supp. 1984).
*1162 State Farm asserts that the effect of the provision in the Kuehling's policy is to guarantee a uniform total available recovery by its insured when injured by a tortfeasor who has no liability insurance, a tortfeasor who has some liability insurance but not enough and a tortfeasor whose liability limits equal that of the insured's uninsured motorist coverage limits.
An analysis of possible situations which could arise in an accident will help in answering this question. And for this analysis, this Court will assume that that tortfeasor's payment is permitted to be offset by the uninsured carrier. When the tortfeasor is completely uninsured, and the insured carries $20,000 uninsured motorist limits, the insured is entitled to $20,000. When the tortfeasor has $10,000 in liability insurance and the insured carries $20,000 uninsured motorist, the insured is entitled to $10,000 from the tortfeasor and $10,000 from the insured for a total coverage of $20,000. When the tortfeasor and the insured have liability limits in equal amounts of $20,000 the insured is not entitled to uninsured motorist coverage under the statute but is entitled to the liability limits of $20,000 under its liability policy. See McMinn v. New Hampshire Insurance Co., 276 So.2d 682 (Miss. 1978). Thus, if offset is permitted, then in all three scenarios, the insured is entitled to $20,000.
However, if offset were not permitted, where the insured had $20,000 uninsured coverage and the tortfeasor has only $10,000 in liability, the insured would receive a total of $30,000. Thus under Kuehling's theory and the lower court ruling, she is entitled to higher limits of liability whenever the tortfeasor is partially insured than she would be if the tortfeasor is completely uninsured or insured for equal amounts. This result is clearly not the intention of State Farm's policy.
Further, Kuehling argues that a deletion of language by the Mississippi Legislature in 1979 confirmed the intent of the new statute to provide victims of uninsured and underinsured motorists a means of collecting all sums to which they are entitled as damages. In 1979, the Mississippi Legislature deleted the underlined language of Miss. Code Ann. § 83-11-103 (1972).
[T]he term "uninsured motor vehicle" means a motor vehicle as to which there is (1) no bodily injury liability insurance, or bodily injury liability insurance with limits less than the amounts specified in section 83-11-101, but it will be considered uninsured only for that amount between the limit carried and the limit required in section 83-11-101...
The statute in its present form in pertinent part is as follows:
(c) The term "uninsured motor vehicle" shall mean:
(iii) An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage; or
This Court discerns no mandate by the 1979 amendments to section 83-11-101 et seq. to afford greater coverage to one injured by a tortfeasor who is totally injured by a tortfeasor who is partially insured than to one injured by a tortfeasor who is totally uninsured.
Section 83-11-111 allows insurers to contract with regard to excess coverage so long as the Mississippi rules regarding exclusion and stacking are not violated. The policy provision to which the parties in this suit contracted does not violate such rules nor does it act to reduce the coverage required by the statute.
At present, there are no case decisions of the Mississippi Supreme Court construing "underinsured motorist coverage." In looking to other jurisdictions with statutes of similar construction, we find our interpretation consistent with that of other states.
In Connolly v. Royal Globe Ins. Co., 455 A.2d 932 (Me. 1983) the lower court ruled that insurance companies were able to reduce their exposure by the amount available *1163 from the underinsured at fault driver. The court stated that the Legislature in Maine, by amending the statute to include underinsured vehicle coverage,[1] intended to compensate the injured party for a deficiency in the aggregate amount of the tortfeasor's liability coverage. Because Connolly had $70,000 of insured coverage, and the tortfeasor had $20,000 of liability coverage, the court ruled the plaintiff should receive $50,000 from her own insurance company. Id. at 936.
The Tennessee statute amended in 1974 defines uninsured motorist as follows:
[T]he operator of a motor with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the uninsured motorist coverage; ... Tennessee Code Ann. § 56-7-1201 (1980).
In Rutherford v. Tennessee Farmers Mutual Ins. Co., 608 S.W.2d 843 (Tenn. 1980), an insurance company denied liability for the difference between the third party coverage and the underinsured motorist limits claiming that the insured had waived such coverage by settling out of court with the at-fault tortfeasor. The court found the insurer liable since it appeared from the record that the third party settlement had been effected with the knowledge of the insurer, but the court did give the insurer credit for the amount of the third party recovery against the insurer's contractual liability to its insured. Id. at 845.
Appellant asserts that the Rutherford case demonstrates that regardless of any waiver by the insurer for its subrogation right, the insurer, under Tennessee law, is still entitled to offset its total uninsured liability coverage by amounts paid to the insured by the tortfeasor.
In the case at bar the only proof we have of damages suffered by Kuehling is a stipulation to $11,382.90 in medical bills. Kuehling has received a total of $25,000 in coverage. It appears that the insured in the case sub judice has received all funds to which she is legally entitled under the uninsured statute.
It is the opinion of this Court that the clear language of the policy provides for offsets of the uninsured motorist coverage by amounts paid by the tortfeasor's carrier and are controlling in this case. See State Farm Mutual Automobile Insurance Co. v. Larry Eubanks, 620 F. Supp. 17 (1985). The uninsured motorist statute does not prohibit such provision. Therefore, State Farm is entitled to offset the total of its uninsured motorist coverage by the $10,000 settlement awarded to appellee from the tortfeasor's insurance company. The insurance company is bound to pay only that amount which constitutes the difference between policy limits available under an insured's own policy and that amount received from one underinsured. The summary judgment of the trial court in favor of Susan Kuehling is reversed and summary judgment shall be entered for State Farm.
SUMMARY JUDGMENT IN FAVOR OF SUSAN KUEHLING REVERSED AND SUMMARY JUDGMENT ENTERED FOR STATE FARM.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] "Underinsured motorist vehicle" means a motor vehicle for which coverage is provided, but in amounts less than the minimum limits for bodily injury liability insurance provided for under the motorist's financial responsibility laws of this state or less than the limits of the injured party's uninsured vehicle coverage. 24-A Me. Rev. Stat. Ann. Section 2902(1) (Supp. 1982-1983).