LOBRANO, Judge.
Defendant, State Farm Insurance Company, appeals the trial court’s summary judgment which allows plaintiffs, Melody and John Jackson, to “stack” both of their State Farm policies without an offset of the tortfeasor’s liability policy.
On September 30, 1988, Melody and John Jackson and their guest passengers, Joseph Grayer and Helen Floyd, were involved in an accident with a vehicle driven by Cecilia Prevost and owned by Vincent Prevost. The accident occurred in Orleans Parish. However, the plaintiffs are residents of Mississippi and the vehicle in which they were travelling was insured by a State Farm policy which was issued and delivered in Mississippi.
Cecilia Prevost was insured by Allstate Insurance Company. Allstate settled with plaintiffs for a total sum of $20,000.00 which represented the combined limits of Prevost’s liability policy.[1] At the time of the accident, Melody and John Jackson had two State Farm policies in effect which covered their vehicle involved in the accident and another vehicle owned by them.[2] The four plaintiffs each filed suit against State Farm seeking the total amount of uninsured/underinsured coverage under both of the Jacksons’ policies. These suits were consolidated.
State Farm filed a motion for summary judgment seeking dismissal of the guest passengers’ suit because those plaintiffs were not entitled to the benefit of Jack-sons’ uninsured motorist coverage. In addition State Farm also sought a judgement seeking to reduce the total uninsured coverage available to the Jacksons by the amounts already paid by Allstate, thus making their total limits of uninsured coverage $10,000.00 each. The Jackson’s filed a cross-motion for summary judgment asking that the total UM coverage available to each be $20,000.00.[3]
The trial judge ruled in favor of State Farm with respect to the guest passengers. However, State Farm’s motion for summary judgment regarding the offset was denied and the Jacksons’ cross-motion for summary judgment was granted. The court ruled that the Jacksons were entitled to “stack” both of the State Farm policies with no offset. State Farm perfects this appeal assigning as error the trial court’s failure to allow the offset. The parties agree this issue is controlled by Mississippi Law.
State Farm argues that Mississippi jurisprudence supports their position that the Allstate liability limits should reduce or offset the UM coverage available to the *764 Jacksons. It relies on State Farm Mutual Automobile Insurance Company v. Kuehling, 475 So.2d 1159 (Miss.1985) and Wickline v. United States Fidelity and Guaranty Co., 530 So.2d 708 (Miss.1988).
The result in Kuehling is identical to the relief sought by State Farm in the instant case, however the Court’s decision is predicated, not on Mississippi statutory law, but on the language of the policy itself. The Court’s conclusion “that the clear language of the policy provides for offsets of the uninsured motorist coverage by amounts paid by the tortfeasor’s carrier ...” is reached after determining that there is no prohibition in the uninsured motorist statute. The court did not hold that Mississippi statutory law requires an offset. The policy language relied on states:
“A. Any amount payable under this section for bodily injury (property damage) shall be reduced by:
(2) An amount equal to total limits of liability for bodily injury (property damage) of all liability policies that apply to the accident.
Relying on Kuehling the court in Wickline supra reached a similar result. The policy language in that case provided:
“Any amounts otherwise payable for damages under this coverage shall be reduced by all sums:
(1) paid because of the bodily injury or property damage by or on behalf of persons who may be responsible. This includes all sum [sic] paid under Part A (liability) of the policy;”
In the instant case, the State Farm policies issued to the Jacksons originally contained specific language authorizing an offset. However, the original provision on uninsured/underinsured motorist coverage containing this language was replaced by endorsements 6275BB.4 and 6275BB.6 which contain the following language:
“Regardless of whether A or B applies, no one will be entitled to receive duplicate payments under this coverage for the same element of loss which were paid because of the bodily injury or property damage by or on behalf of persons or organizations who may be legally responsible. This includes sums paid under part A of the policy.”
In our opinion the above policy language is different from the language in Kuehling and Wickline. In those cases the policies provide that “the amount payable ... shall be reduced by an amount equal to total limits of liability” (Kuehling) and “any amounts ... payable ... shall be reduced by all sums paid_” (Wickline). In each instance the language directs that the coverage (i.e. amounts payable) are to be reduced by either the liability coverage available or the amounts actually paid. In the instant case the language prohibits duplicate payments. It does not provide for a reduction in coverage, only that the insured will not be paid twice for the same injuries. This is different than reducing the available coverage. For example, if John Jackson’s injuries are worth $100,000.00, he should be entitled to receive the full UM coverage available, i.e. $20,000.00, which would give him a total recovery of $28,-500.00. However, if his total injuries are $5,000.00, he would not receive any UM payment from State Farm because he has already been full paid (i.e. the $8,500.00 Allstate paid) for his injuries. That is the purpose of State Farm’s policy language, to prevent duplicate payments, not reduce coverage.
Accordingly, the trial court judgment is affirmed.
AFFIRMED.

. Of the total $20,000.00 limits, Melody Jackson received $5,000.00 and John Jackson received $8,500.00. The guest passengers received the remainder.

. Each policy provided for $10,000.00 per person uninsured coverage.

.There are two policies available to the Jack-sons. Each has UM limits of 10/20. John Jackson seeks $20,000.00 coverage, i.e. two policies X $10,000.00 each. Melody Jackson seeks the same. State Farm claims it is entitled to offset the coverage by the total Allstate paid under its liability policy, i.e. $20,000.00.