631 So.2d 789 (1994)
Jeffery Clay MILLER,
v.
ALLSTATE INSURANCE COMPANY, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Insurance Company.
No. 91-CA-0005.
Supreme Court of Mississippi.
February 3, 1994.
Colette A. Oldmixon, David R. Smith, Smith Smith Tate & Cruthird, Poplarville, for appellant.
Harry R. Allen, Mark W. Garriga, Allen Cobb & Hood, Gulfport, James R. Moore, Jr., James F. Noble, III, Copeland Cook Taylor & Bush, Jackson, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and JAMES L. ROBERTS, Jr., JJ.
PITTMAN, Justice, for the Court:

I.
In this M.R.C.P. 57 declaratory judgment action, the major issue is whether Allstate's automobile policy with uninsured motorist *790 insurance coverage conflicts with the uninsured motorist coverage mandated by the statute. On stipulated facts[1] the circuit judge ruled there was no conflict and, by applying the policy definitions, held Miller was not an insured under Allstate's uninsured motorist coverage. On appeal, Miller's contentions are contained in a three point argument:
Point 1  Jeffery C. Miller is an insured under the Allstate policy for the purpose of stacking and collecting the uninsured motorist benefits thereunder;
Point 2  No offset should be allowed against the liability payment; and
Point 3  Miller is entitled to an award of attorney fees and costs.
We hold these contentions are controlled by settled law and affirm.

II.
Jeffery C. Miller and Paula Suzette Seal were the only occupants in a 1982 Datsun 280 ZX that collided with a telephone pole on January 8, 1987, in Picayune, Mississippi. They both suffered injuries and could not recall who was driving the car at the time of the collision. Subsequent to this appeal, that fact question was resolved by a jury verdict declaring Seal the driver. Seal, 605 So.2d at 241. The parties entered into a written stipulation which set Miller's damages at $90,000 and submitted three automobile insurance policies for court interpretation:
(1) The Allstate Insurance Company issued a policy having as the named insureds Rufus R. and Geraldine Seal and insuring four separate vehicles, a 1975 Chevrolet, a 1981 Toyota, a 1978 Fiesta and a 1985 Explorer. The policy provided bodily injury liability limits of $25,000 per person/$50,000 per occurrence and uninsured motorist/underinsured motorist bodily injury limits of $10,000 per person/$20,000 per occurrence on each of the listed vehicles;
(2) Mississippi Farm Bureau Mutual Insurance Company issued a policy having as the named insured Ruth Fleming and insuring a 1982 Datsun 280 ZX automobile, with bodily injury liability limits of $25,000 per person/$50,000 per occurrence and uninsured motorist/underinsured motorist bodily injury limits of $25,000 per person/$50,000 per occurrence; and
(3) Mississippi Farm Bureau Casualty Insurance Company issued a policy having as the named insured Ruth Fleming and insuring a 1985 Ford pickup truck, with bodily injury liability limits of $25,000 per person/$50,000 per occurrence and uninsured motorist/underinsured motorist bodily injury limits of $25,000 per person/$50,000 per occurrence.
Miller claims against Allstate that he is entitled to the liability maximum of $25,000 for bodily injury and to the uninsured/underinsured motorist maximum of $40,000 for bodily injury by stacking the $10,000 maximum on each of the Seal's four insured vehicles. This claim under the one policy totals $65,000.
In addition, Miller claims under the two Farm Bureau policies the uninsured motorist/underinsured motorist bodily injury maximum of $50,000. This total is obtained by stacking the $25,000 maximum on each policy. The total claim under these policies is $50,000.
Allstate paid the $25,000 maximum for liability bodily injury, however, it denies uninsured motorist coverage alleging Miller is not an insured within the policy definition.
Farm Bureau claims credit and offset for the $25,000 liability payment made by Allstate, leaving the balance of $25,000 owed Miller under the uninsured motorist/underinsured motorist coverage of its two policies.
Miller's final claim is for attorney fees and litigation expenses incurred in the declaratory judgment action made necessary by Allstate and Farm Bureau's refusal to pay the amounts demanded.

*791 III.

Point 1  Jeffery C. Miller is an insured under the Allstate policy for the purpose of stacking and collecting the uninsured motorist benefits thereunder.
This argument is resolved by reading the pertinent uninsured motorist insurance coverage provision in conjunction with the uninsured motorist coverage statute. State Farm Mut. Auto. Ins. Co. v. Davis, 613 So.2d 1179, 1180 (Miss. 1992). The Allstate policy under uninsured motorist insurance coverage defines:
Insured Persons
(1) You and any resident relative.

(2) Any person while in, on, getting into or out of your insured auto with your permission.
(3) Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto. (emphasis added)
The uninsured motorist coverage statute in Miss. Code Ann. § 83-11-103(b) (1991) defines "insured" as follows:
The term "insured" shall mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, or the guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.
Although the language is not identical, the policy definition of "insured" does not conflict with the statutory definition of "insured."
Miller is not, nor does he claim to be, the named insured, a resident spouse or relative of the named insured under provision (1). For coverage, he must come within the other definitions of "insured" [Provisions (2) and (3)]. Those provisions are clearly limited to instances involving the "insured auto."
The policy defines "insured auto":
An Insured Auto is a Motor Vehicle:
(1) described in the declarations page ...
(2) you acquire ownership of ...
(3) not owned by you or a resident relative being temporarily used while your insured auto is being serviced or repaired ...
(4) operated by you or your resident spouse with the permission of the owner, but not furnished for your regular use. (emphasis added)
The Datsun 280 ZX automobile involved in the collision does not come within the definition of "insured auto" provisions 1, 2 and 3. Neither was that automobile operated by the "you" (named insured) or the "your" (named insured's) resident spouse as required by provision 4. Under the Allstate policy definition of insured persons, Miller is not covered.
We conclude the language of the insurance contract is clear and not contrary to the uninsured motorist coverage statute or underlying public policy. In re Koestler for Benefit of Koestler, 608 So.2d 1258, 1263 (Miss. 1992). Miller is not an insured under the uninsured motorist coverage of the Allstate policy. There is no merit to this argument.

Point 2  No offset should be allowed against the liability payment.
In State Farm Mutual Automobile Insurance Company v. Kuehling, 475 So.2d 1159, 1163 (Miss. 1985), we held "that the clear language of the policy provides for offsets of the uninsured motorist coverage by amounts paid by the tortfeasor's carrier and are controlling in this case. (cite omitted). The uninsured motorist statute does not prohibit such provision." See also Harris v. Magee, 573 So.2d 646, 652 (Miss. 1990); Washington v. Georgia American Insurance Company, 540 So.2d 22, 25 (Miss. 1990); Wickline v. USF & G, 530 So.2d 708, 717 (Miss. 1988); Brown v. Maryland Casualty Company, 521 So.2d 854, 857 (Miss. 1987). There is no merit to this argument.

*792 Point 3  Miller is entitled to an award of attorney fees and costs.

The Comment to Miss.R.Civ.P. 54(d) provides:
Three related concepts should be distinguished in considering Rule 54(d): These are costs, fees, and expenses. Costs refers to those charges that one party has incurred and is permitted to have reimbursed by his opponent as part of the judgment in the action. Although costs has an everyday meaning synonymous with expenses, taxable costs under Rule 54(d) is more limited and represents those official expenses, such as court fees, that a court will assess against a litigant. Costs almost always amount to less than a successful litigant's total expenses in connection with a law suit and their recovery is nearly always awarded to the successful party. See Miss. Code Ann. § 11-53-27 (1972) (successful party to recover costs, generally).

Fees are those amounts paid to the court or one of its officers for particular charges that generally are delineated by statute. Most commonly these include such items as filing fees, clerk's and sheriff's charges, and witnesses' fees. In most instances an award of costs will include reimbursement for the fees paid by the party in whose favor the cost award is made.

Expenses include all the expenditures actually made by a litigant in connection with the action. Both fees and costs are expenses but by no means constitute all of them. Absent a special statute or rule, or an exceptional exercise of judicial discretion, such items as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by the litigants. (citations omitted) (emphasis added)
In this case, there is no contractual or statutory authority for awarding attorney fees and litigation expenses, nor is this a case for punitive damages. There is no merit to this argument.

IV.
We conclude the able circuit judge correctly applied the settled law to the stipulated facts. Judge Eubanks' well reasoned "Findings of Fact and Conclusions of Law" are included in this opinion attached as Exhibit "A".
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., dissents with separate written opinion.

EXHIBIT A

IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

JEFFERY C. MILLER, PLAINTIFF

VERSUS
ALLSTATE INSURANCE COMPANY, MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY, MISSISSIPPI FARM BUREAU CASUALTY COMPANY AND PAULA SUZETTE SEAL, DEFENDANTS

NO. 15,382

FINDINGS OF FACT AND CONCLUSIONS OF LAW
THIS matter having come on for hearing pursuant to a complaint for declaratory judgment filed by the Plaintiff, Jeffery C. Miller, and the Court having reviewed a stipulation of facts entered into between the parties on the 21st day of June, 1989, and after reviewing the briefs and memoranda of law provided by the parties and the Court having ruled by Order dated November 30, 1990, on the allegations of the Plaintiff's complaint, makes the following findings of fact and conclusions of law as follows:

*793 FINDINGS OF FACT

1.
On January 8, 1987, a one car motor vehicle accident occurred in the City of Picayune, Pearl River County, Mississippi when a 1982 Datsun 280ZX automobile, owned by Ruth Fleming, collided with a telephone pole. Occupying the vehicle were Plaintiff, Jeffery C. Miller, and Defendant, Paula Suzette Seal. Heretofore, Plaintiff, Jeffery C. Miller, by and through his attorneys of record, filed suit in the Circuit Court of Pearl River County, Mississippi against Defendant, Paula Suzette Seal, in Civil Action No. 14,746 and Defendant, Paula Suzette Seal, filed a counterclaim therein against Plaintiff, Jeffery C. Miller, each claiming the other was the operator of the 1982 Datsun 280ZX automobile at the time of the subject collision.

2.
Prior to the trial of Civil Action No. 14,746 (Mississippi Supreme Court No. 89-CA-0637), all parties entered into a stipulation providing that the damages of Paula Suzette Seal are $50,000.00. The parties also stipulated that the damages of Jeffery C. Miller are $90,000.00.

3.
Civil Action No. 14,746 came on for trial on October 12, 1988, and on October 14, 1988, the Honorable R.I. Prichard, III, Circuit Judge Place I for the 15th Circuit District, entered the final judgment on jury verdict in favor of the Plaintiff, Jeffery C. Miller, in the sum of $90,000.00 and against Defendant, Paula Suzette Seal, on her counterclaim.

4.
On November 16, 1988, Defendant, Paula Suzette Seal, by and through her counsel of record, appealed the final judgment on jury verdict to the Mississippi Supreme Court. The issues in that appeal have been briefed by the parties and this matter is awaiting resolution by the Mississippi Supreme Court.

5.
The duly empaneled and sworn Pearl River County jury in Civil Action No. 14,746 specifically found the Plaintiff, Jeffery C. Miller, was not driving the 1982 Datsun 280ZX automobile at the time of the motor vehicle accident of January 8, 1987 Defendant, Paula Suzette Seal's, appeal of the jury verdict therein leaves the issue of who was driving the automobile at the time of the collision in a posture such that both the Plaintiff, Jeffery C. Miller, and the Defendant, Paula Suzette Seal, have pending underinsured motorist benefit claims against Allstate Insurance Company, Mississippi Farm Bureau Mutual Insurance Company, and Mississippi Farm Bureau Casualty Insurance Company.

6.
The parties hereto further agree and stipulate that on January 8, 1987, the Plaintiff, Jeffery C. Miller, was a member of the household of his mother, Ruth Fleming, who was the titled owner of the 1982 Datsun 280ZX automobile; and that the Defendant, Paula Suzette Seal, the daughter of Rufus R. and Geraldine Seal, was a member of the Seal household on January 8, 1987.

7.
The parties have heretofore provided certified copies of all of their automobile insurance policies which cover or are claimed to cover Plaintiff, Jeffery C. Miller, Defendant, Paula Suzette Seal, and their respective families, and that each of said policies were in full force and effect on January 8, 1987, the date of the subject motor vehicle accident. The respective policies and coverages are as follows, to-wit:
(a) Mississippi Farm Bureau Mutual Insurance Company policy no. A008448-04-3 having as the named insured Ruth Fleming and insuring a 1982 Datsun 280ZX automobile, with bodily injury liability limits of $25,000.00 per person/$50,000.00 per occurrence and UM/UIM bodily injury limits of $25,000.00 per person/$50,000.00 per occurrence.
(b) Mississippi Farm Bureau Casualty Insurance Company policy no. A226878-01-0 having as the named insured Ruth Fleming and insuring a 1985 Ford pickup truck with bodily injury liability limits of $25,000.00 per person/$50,000.00 per occurrence and UM/UIM bodily injury limits of $25,000.00 per person/$50,000.00 per occurrence.
*794 (c) Allstate Insurance Company policy no. XXXXXXXXX having as the named insureds Rufus R. and Geraldine Seal and insuring four separate vehicles described in the declaration page attached hereto as part of Exhibit F with bodily injury liability limits of $25,000.00 per person/$50,000.00 per occurrence and UM/UIM bodily injury limits of $10,000.00 per person/$20,000.00 per occurrence on each of the listed vehicles.

8.
The parties hereto agreed and stipulated that they cannot all agree upon the amount of coverage or contribution of coverages among the insurance companies which may be available to compensate the party who ultimately prevails in Civil Action No. 14,746 to the extent of their stipulated damages.

9.
The parties hereto agreed and stipulated that the Plaintiff, Jeffery C. Miller, and the Defendant, Paula Suzette Seal, are the only two claimants for uninsured motorist benefits herein and Defendants, Mississippi Farm Bureau Mutual Insurance Company, Mississippi Farm Bureau Casualty Company, and Allstate Insurance Company, provided the only uninsured/underinsured motorist coverages against which claim is made as a result of the subject automobile accident of January 8, 1987. The dispute regarding the contractual obligations and rights of the Defendant insurance companies under the policies of insurance described in Paragraph numbered 7 above is a proper subject for declaratory judgment by the Circuit Court of Pearl River County, Mississippi.

10.
The parties hereto further agreed and stipulated that the Circuit Court of Pearl River County, Mississippi should decide their respective rights, duties and obligations concerning the issues of coverage and UIM benefits and contribution in the alternative fashion, assuming on the one hand that Plaintiff, Jeffery C. Miller, ultimately prevails and, assuming on the other hand, that Defendant, Paula Suzette Seal, ultimately prevails in Civil Action No. 14,746.

CONCLUSIONS OF LAW

1.
The Defendant, Paula Suzette Seal, was covered by a liability policy of insurance issued by Allstate Insurance Company, policy no. XXXXXXXXX at the time of this accident. This policy afforded liability coverage of $25,000.00 applicable to the 280ZX automobile involved in this accident. This is a result of the jury's finding that Paula Suzette Seal was the driver of the automobile at the time of this accident. This coverage is afforded by the omnibus clause of the Allstate liability coverage extending liability coverage to resident relatives such as Paula Seal.

2.
The uninsured motorist coverage of the Allstate policy is clear and unambiguous and as a result, its application can be made as a matter of law by this Court. This contract should be construed as written. George v. Mississippi Farm Bureau Mutual Insurance Company, 250 Miss. 847, 168 So.2d 530 (Miss. 1964); Benton v. Canal Insurance Company, 241 Miss. 493, 130 So.2d 840 (Miss. 1961). The policy at page 14 defines an "Insured Person" as:
"1. You and any resident relative.
2. Any person while in, on, getting into or out of your insured auto with your permission.
3. Any other person who is legally entitled to recover because of bodily injury to you, a resident relative, or an occupant of your insured auto."
There is no serious contention that Jeffery C. Miller qualifies under No. 1. He is not the policyholder nor a resident relative in the Seal's household. Neither does Miller qualify under no. 2 or no. 3 as a person who was in an "insured auto." At page 14 the policy describes an "insured auto" as one listed on the declarations page, or a vehicle newly acquired by the insureds, a temporary replacement vehicle, or one operated by the policyholder or the policyholder's resident spouse. Quite plainly, the 280ZX automobile that the parties were in at the time of the accident does not qualify under any of these provisions. The 280ZX was owned by Jeffery Miller's mother and was not listed on *795 the declarations page of the Allstate policy which covered automobiles in the Seal's household. Paula Suzette Seal was not a named insured policyholder or the resident spouse of the policyholders (Paula's father and mother) but was, instead, the daughter of the policyholders.
Considering the foregoing clear and unambiguous policy provisions, Jeffery C. Miller, was not riding in an "insured auto" under the Allstate UM coverage at the time of this accident.

3.
The operative Allstate UM coverage language is not contrary to the Mississippi Uninsured Motorist Act. In this policy, coverage for Class 1 insureds, the policyholder and all resident relatives, is not restricted to any particular vehicle. However, the coverage for Class 2 insureds is restricted to the "insured auto." This is a limitation which is consistent with Mississippi Supreme Court precedent. Brown v. Maryland Casualty Company, 521 So.2d 854, 855 (Miss. 1987); Miss. Code Ann. § 83-11-103(b) (Supp. 1989); Aetna Casualty & Surety Company v. Barker, 451 So.2d 731, 732 (Miss. 1984).
Insured persons and insured autos are defined differently in different coverage sections of the Allstate policy. This does not contravene any legislative mandate. Miss. Code Ann. § 83-11-103(b) (Supp. 1989).
This Court finds further support for its conclusions in the recent decision of Thiac v. State Farm Mutual Automobile Insurance Company, S.Ct. No. 89-104 (11/4/90) [569 So.2d 1217 (Miss. 1990)]. In this ruling the Mississippi Supreme Court distinguished its prior holding in Wickline v. USF & G, 530 So.2d 708 (Miss. 1988). In Thiac the Mississippi Supreme Court expressly held that "for the purpose of qualifying the host vehicle as underinsured, a guest passenger is permitted to stack her own UM coverage with the UM coverage on the host vehicle." Id. at p. 7 [1220]. Allstate's policy of insurance which covered the Seal household was not "UM coverage on the host vehicle." Thiac, p. 7 [1220]. Miller was not an insured under the Allstate policy. Therefore, the guest passenger, Jeffery C. Miller, is only permitted to stack his own UM coverage, that of Farm Bureau.

4.
All offset provisions in the policies in question should be honored according to the precedent of State Farm Mutual Automobile Insurance Company v. Kuehling, 475 So.2d 1159 (Miss. 1985). Therefore, if it is ultimately decided that Paula Suzette Seal was the driver of the automobile in question, Jeffery Miller's own uninsured motorist coverage through Farm Bureau will be reduced by the amount of the liability coverage afforded by Allstate in the amount of $25,000.00. If Jeffery Miller is at some point finally determined to be the driver of the automobile in question, then Allstate Insurance Company, as the UM insurer of Paula Suzette Seal, will be allowed to offset the liability limits paid by Miller's insurer, Farm Bureau, in the amount of $25,000.00.

5.
Plaintiff's prayer for attorneys fees is denied. In the absence of a showing of gross or willful wrong entitling the Movant to an award of punitive damages, the Mississippi Supreme Court has never approved of awarding attorneys fees to the successful litigant. See e.g., Central Bank of Mississippi v. Butler, 517 So.2d 507, 512 (Miss. 1988); Aetna Casualty & Surety Company v. Steele, 373 So.2d 797, 801 (Miss. 1979).
This Court will, however, exercise its discretion by allowing an award of costs to the Plaintiff pursuant to MRCP 54.
SO ORDERED AND ADJUDGED, this 23 day of January, 1991.
 /s/ Michael R. Eubanks
 CIRCUIT COURT JUDGE
McRAE, Justice, dissenting:
Because I disagree with the majority's findings on each of the three issues raised by the appellant, I respectfully dissent. Jeffery Miller was entitled to receive the aggregated benefits of the Seals' policies with Allstate; he was entitled to attorney fees and expenses; any offset or subrogation rights should have been settled between the insurers on a pro rata basis after the insured had been fully compensated for his injuries.

*796 FACTS

Jeffery Miller was injured while riding as a passenger in a Datsun 280-ZX driven by Paula Seal. The vehicle was owned by Miller's mother, Ruth Fleming. Miller was a resident of Fleming's household, and Seal was a resident of the household of her parents, Rufus and Geraldine Seal.
As a resident of the Fleming household, Miller was a named insured on two automobile insurance policies issued to his mother. Mississippi Farm Bureau Mutual Insurance Company had issued a policy on the 280-ZX with liability limits of $25,000 per person/$50,000 per occurrence and uninsured motorist coverage of $25,000 per person/$50,000 per occurrence. Mississippi Farm Bureau Casualty Insurance Company issued a policy with the same limits on a second vehicle owned by Mrs. Fleming. Aggregating the two Farm Bureau policies, Miller claimed the maximum $50,000 uninsured/underinsured bodily injury limit.
At the time of the accident, the Seals were the named insureds on a policy issued by the Allstate Insurance Company. It covered four vehicles, providing bodily injury liability limits of $25,000 per person/$50,000 per occurrence and uninsured motorist coverage of $10,000 per person/$20,000 per occurrence for each vehicle. Allstate, which had the primary liability coverage on the vehicle, paid Miller $25,000 under the Seal's liability policy.

I.
In finding that Jeffery Miller was not an insured under the Seals' Allstate policy for purposes of aggregating and collecting uninsured motorist benefits, the majority, like the circuit court, appears to rely upon the distinction between Class I and II insureds which we eliminated in Brown v. Maryland Casualty Co., 521 So.2d 854, 856 (Miss. 1987). Generally, we have allowed all classes of insureds to aggregate uninsured motorist benefits. Harris v. McGee, 573 So.2d 646, 652 (Miss. 1991) (heirs of employee killed by uninsured motorist while repairing employer's truck entitled to aggregate employer's uninsured motorist coverage as well as decedent's); Cossitt v. Nationwide Mutual Insurance Co., 551 So.2d 879, 884 (Miss. 1989) (passengers on church bus, including church employee, entitled to aggregate church's uninsured motorist coverage as well as their own); Wickline v. United States Fidelity & Guaranty Co., 530 So.2d 708, 713-714 (Miss. 1988) (heirs of passenger killed as a result of underinsured host driver's negligence entitled to aggregate uninsured motorist policies of both passenger and host); Pearthree v. Hartford Accident & Indemnity Co., 373 So.2d 267 (Miss. 1979) (legal representative of decedent killed by negligence of uninsured motorist entitled to aggregate uninsured motorist policies issued to decedent as well as to driver of car in which she was riding); Hartford Accident & Indemnity Co. v. Bridges, 350 So.2d 1379 (Miss. 1977) (aggregation of coverage for three vehicles within one uninsured motorist policy permitted).
We long have recognized that uninsured motorist coverage is personal to the insured; that it is coverage for persons, not for vehicles. State Farm Mutual Automobile Insurance Co. v. Nester, 459 So.2d 787, 793 (Miss. 1988), quoting Appleman, Insurance Law and Practice § 5080. Miss. Code Ann. § 83-11-101 provides that every automobile liability insurance policy sold after January 1, 1967 must contain "an endorsement or provisions undertaking to pay the insured all which he shall be legally entitled to recover for bodily injury or death from the owner or operator of an uninsured motor vehicle ..." Miss. Code Ann. § 83-11-101 (1991) (emphasis added). Contrary to the implications of the majority's holding, the statute uses the disjunctive "or," indicating that recovery may be had against either an owner or an operator of an uninsured/underinsured vehicle. It is absurd, therefore, to suggest that Miller is precluded from recovering under the Seals' uninsured motorist policy because Paula Seal was operating a vehicle not owned by her parents. See Harthcock v. State Farm Mutual Automobile Insurance Co., 248 So.2d 456, 458-459 (Miss. 1971). With both liability and uninsured motorist coverage, an operator carries his coverage with him when driving someone else's vehicle. Further, an injured passenger is entitled to aggregate not only the benefits of his own uninsured motorist *797 policies, but also those of the owner or operator of the insured or underinsured vehicle in which he is riding. Cossitt v. Nationwide Mutual Insurance Co., 551 So.2d 879, 884 (Miss. 1989); Pearthree v. United States Fidelity and Guaranty Co., 373 So.2d 267 (Miss. 1979).
In addition to the aggregation of his mother's two uninsured motorist policies with Farm Bureau and the $25,000.00 he received under the Seals' liability policy with Allstate, Miller was also entitled to aggregate and collect under the four uninsured motorist policies which covered Paula Seal, a named insured by virtue of her residency with her parents.

II.
Farm Bureau is clearly liable to Miller for aggregated uninsured motorist benefits in the amount of $50,000.00 on the two policies issued to his mother, under which, there is no dispute that he is a named insured. However, it seeks to offset the $25,000.00 paid to Miller under the Seals' liability policy with Allstate. The majority, without enlightening us to the relevant policy language and quoting State Farm Mutual Automobile Insurance Company v. Kuehling, 475 So.2d 1159, 1163 (Miss. 1985), merely states that "`the clear language of the policy provides for offsets of the uninsured motorist coverage by amounts paid by the tortfeasor's carrier and are controlling in this case.'" Id. (emphasis added). Its reliance on Kuehling is misplaced. In the case sub judice, Miller received no uninsured motorist benefits from Allstate; the Seals' carrier paid him only liability benefits. Moreover, as further distinguished from Kuehling, where the stipulated damages were less than half the amount Kuehling initially was paid by the insurers, Miller's damages of $90,000.00 exceeded the amounts paid by Seals' liability policy and his mother's aggregated uninsured motorist policies.
Since liability coverage goes with the vehicle, Farm Bureau, not Allstate, was the primary liability carrier in this case. Allstate paid on behalf of the Seals, when, in fact, Farm Bureau should have paid Miller's claims. Because Farm Bureau paid no liability benefits, it should not be entitled to collect from Allstate the $25,000.00 paid to Miller under the Seals' liability policy. It is also of interest that the insurance contract does not permit subrogation against a carrier's own insured. Offset should be allowed solely against the primary liability insurance carrier, and then, only on a pro rata basis to the extent that uninsured motorist benefits were actually paid.
Even assuming arguendo that an offset is proper in this case, subrogation is governed by Miss. Code Ann. § 83-11-107 (1991).

III.
Finally, I disagree with the majority's conclusion that Miller is not entitled to an award of attorney fees and costs. Both his own insurer, the Farm Bureau, and the tortfeasor's insurer, Allstate, have taken the position that they do not owe Miller the benefits to which he is entitled. Both insurance companies, in effect, breached their contracts. Thus Miller was forced into litigation. In Universal Life Insurance Co. v. Veasley, 610 So.2d 290 (Miss. 1992), based on "the familiar tort law principle that one is liable for the full measure of reasonably foreseeable consequences of her actions ...," the majority affirmed an award of damages for emotional distress despite its finding that the insurer's failure to pay a valid insurance claim did not rise to the level of bad faith. Id. at 295. The Court further found that
Additional inconvenience and expense, attorneys fees and the like should be expected in an effort to have the oversight corrected. It is no more than just that the injured party be compensated for these injuries.
Id. It is no more than just that Miller be reimbursed for the attorney fees and costs made necessary by the insurers' refusal to pay the submitted claims, in effect, breaches of contract. It should be against public policy for any insurer, when unable to interpret its own policy, to thrust its insured into litigation by filing a lawsuit or seeking a declaratory action against his interests. It is standard language in any liability policy that the insurer will pay its insureds' expenses *798 when sued by an injured party. Under the uninsured motorist provision of the policy, the insurer likewise should shoulder the expenses of litigation when its breach of contract or misinterpretation of its own contract forces its insured into litigation.
Accordingly, because the majority has compounded the errors of the trial court by finding that Miller is not entitled to collect under the Seals' Allstate policies or to be reimbursed for his attorney fees and costs, I dissent.
NOTES
[1] In a separate action, a jury verdict found Seal to be the driver and Miller to be a passenger, and also awarded Miller the stipulated amount of $90,000 in damages against Seal. Seal appealed and this Court affirmed on July 22, 1992, in the case styled Seal v. Miller, 605 So.2d 240 (Miss. 1992).