GRIFFIS, J.,
for the Court.
¶ 1. Linda G. Jeffcoat appeals the Washington County Circuit Court’s grant of American National Property and Casualty Company’s motion for summary judgment. On appeal, Jeffcoat argues the trial court erred in finding that American National is entitled to an offset against its uninsured motorist coverage limits in the amount of liability benefits paid to its insured by the tortfeasor’s liability carrier. We find no error and affirm.
FACTS
¶ 2. On March 18, 2000, Linda Jeffcoat was involved in an automobile accident. Jeffcoat was operating an automobile owned by Patricia Montgomery, with Montgomery riding as a passenger, when they were struck by a vehicle owned and operated by Steven Duncan. Jeffcoat, who was injured, did not cause or contribute in any way to the accident. It is undisputed that Duncan was solely liable for the accident and subsequent damages.
' ¶ 3. Duncan had liability insurance coverage with State Farm Mutual Automobile Insurance Company in the amount of $25,000 per person and $50,000 per occurrence. State Farm voluntarily paid its $25,000 coverage limits to Jeffcoat, who released Duncan and State Farm from all claims, but reserved all claims as to all other parties.
¶ 4. Jeffcoat was insured pursuant to the uninsured motorist coverage of her own automobile policy issued by USAA, which provided underinsured motorist coverage in the amount of $600,000 after stacking for the two vehicles included in the policy. USAA voluntarily paid its $600,000 coverage to Jeffcoat and waived its right of subrogation. USAA did not claim an offset for the amount paid by State Farm. Jeffcoat was also insured pursuant to the underinsured motorist provision of a policy of insurance issued by American National to Montgomery, in the amount of $10,000 per person. Jeffcoat’s medical expenses, damages for permanent injuries, loss of wage earning capacity, and pain and suffering exceed $635,000.
¶ 5. American National filed a complaint for declaratory relief, contending that it was entitled to an offset of $25,000, which is the amount paid pursuant to Duncan’s liability coverage. American National argues that after off-setting Duncan’s liabili *984 ty payment of $25,000, American National is not responsible for and does not owe Jeffcoat any underinsured motorist coverage benefits under the American National policy. Subsequently, American National filed a motion for summary judgment, which was granted by the Circuit Court of Washington County. Aggrieved by the decision, Jeffcoat now appeals to this Court.
STANDARD OF REVIEW
¶ 6. This Court reviews the grant of summary judgment de novo. Coleman Powermate, Inc. v. Rheem Mfg. Co., 880 So.2d 329, 332(¶ 9) (Miss.2004). The burden of proving that no genuine issue of fact exists is on the non-moving party. Id. When there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law, summary judgment is proper. Id.
ANALYSIS
¶ 7. Jeffcoat argues that the offset language in American National’s policy conflicts with the Uninsured Motorist Act as well as with the coverage language in the policy. The American National policy provides the following uninsured motorist coverage language:
We will pay damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be caused by accident and result from the ownership, maintenance, or use of the vehicle.
¶ 8. The limits of liability section of the uninsured motorist coverage provisions of the subject American National policy provides as follows:
The limits of liability shown in the Declarations apply, subject to the following:
Amounts payable will be reduced by:
(1) A payment made by the owner or operator of the uninsured motor vehicle or organization which may be legally hable;
(2) A payment under the Liability Coverage of this policy; and
(3) A payment made or amount payable because of the bodily injury under any worker’s compensation law, disability benefits law or similar law.
¶ 9. There is no dispute that, pursuant to the American National policy, Jeffcoat was provided underinsured motorist coverage. The point of contention between the parties is American National’s right to offset.
¶ 10. This Court first examines the subject contract of insurance to determine whether offset is applicable and the extent of a carrier’s right to offset. City of Jackson v. Perry, 764 So.2d 373, 383(¶ 48) (Miss.2000); Fidelity and Guaranty Underwriters, Inc. v. Earnest, 699 So.2d 585, 588(¶ 12) (Miss.1997). In deference to the purposes of the Uninsured Motorist Act, this Court will reject a carrier’s offset language if it attempts to reduce the amount received by the uninsured motorist insured to less than the minimum uninsured motorist coverage required by statute or if it attempts to provide an offset for payments made to parties other than the injured uninsured motorist insured. Earnest, 699 So.2d at 589 (¶¶ 13,15).
¶ 11. In reviewing American National’s policy, an application of American National’s offset clause will not reduce the amount of bodily injury proceeds received by Jeffcoat to less than the minimum uninsured motorist coverage required by statute. Jeffcoat received $600,000 from USAA and has therefore already received far more than the minimum $10,000 contracted for and required by statute. Additionally, American National’s offset clause does not provide an offset for sums paid to parties other than Jeffcoat. Thus, based *985 on its policy language, it appears that American National is entitled to the claimed offset.
¶ 12. In State Farm Mutual Automobile Ins. Co. v. Kuehling, 475 So.2d 1159, 1163 (Miss.1985) (reversed on other grounds), the Mississippi Supreme Court first established the right of uninsured motorist carriers to offset uninsured motorist coverage by amounts paid by the tortfea-sor’s liability carrier if the uninsured motorist carrier’s policy language so provides. Kuehling incurred medical bills and lost wages totaling $11,382.90 as a result of an automobile accident caused by the negligence of Timothy Sparling. Id. at 1160— 61. Sparling had liability insurance of $10,000 which was paid to Kuehling. Id. at 1160. William Herring, who owned the car Sparling was driving, was uninsured. Id. Kuehling, apparently driving her own vehicle at the time of the accident, was insured by two separate policies issued by State Farm. Id. Each policy provided $10,000 uninsured motorist coverage for a total stacked uninsured motorist coverage of $20,000 per person. Id. State Farm paid Kuehling the maximum medical payments coverage of $5,000 and $10,000 of uninsured motorist coverage, all that State Farm claimed was due following offset of the $10,000 paid to Kuehling by Sparling’s liability carrier. Id. at 1161. Kuehling sued State Farm, claiming she was entitled to the full $20,000 stacked uninsured motorist per person limits, without' offset. Id. The supreme court found that, when the clear language of the policy provides for offsets of uninsured motorist coverage by amounts paid by the tortfeasor’s carrier, such offsets are allowed and the Uninsured Motorist Act does not prohibit such provisions. Id. at 1163.
¶ 13. Jeffcoat contends that the court in Kuehling allowed offset only because the injured uninsured motorist insured had received more than the amount of damages sustained. However, the issue of whether offset is allowed “turns upon an interpretation of the Mississippi Uninsured Motorist Act and the construction of the parties’ contract.” Id. at 1160. Offsets limited to the amounts paid to the injured uninsured motorist insured by the liable party and/or his liability insurance carrier have been found to be consistent with the Uninsured Motorist Act. Earnest, 699 So.2d at 592 (¶¶ 25-26) (citing Miss.Code Ann. §§ 83-11-103 and 83-11-101). Additionally, the American National policy clearly states that amounts payable will be reduced by “a payment made by the owner or operator of the uninsured motor vehicle or organization which may be legally liable.” Thus, an interpretation of the Mississippi Uninsured Motorist Act and the construction of the parties’ contract allow for an offset.
¶ 14. Jeffcoat argues that the uninsured motorist coverage available to the insured may not be offset or reduced and relies on Nationwide Mutual Ins. Co. v. Garriga, 636 So.2d 658 (Miss.1994) in support of her position. However, Garriga did not involve an offset of the amount paid by the tortfeasor’s liability carrier, which is the offset allowed by Kuehling and is the offset at issue here. Instead, the uninsured motorist carrier in Garriga was not allowed to offset its uninsured motorist coverage by the amounts paid by the injured uninsured motorist insured’s workers compensation carrier. Id. at 665.
. ¶ 15. Jeffcoat further argues that this Court should overrule cases which allow a reduction in uninsured motorist coverage. Jeffcoat’s argument is similar to the one in Earnest, where the court held:
Earnest’s argument calls for nothing less than the overruling of the entire right of offset established by this Court in Kuehling based upon a misinterpreta *986 tion of this Court’s opinion in Garriga. Although the issue of the validity of the liability offset was not before this Court in Garriga, this Court in said case permitted an offset of $10,000 in liability payments made to the insured. This Court’s refusal to allow the offset of worker’s compensation benefits in Gar-riga indicated no intent to overrule Kuehling, and this Court expressly reaffirms Kuehling herein.
Earnest, 699 So.2d at 589(¶ 15). Therefore, we find Jeffcoat’s argument lacks merit.
¶ 16. While Kuehling first established the right of uninsured carriers to offset uninsured motorist coverage by amounts paid by the tortfeasor’s liability carrier if the uninsured motorist carrier’s policy language so provides, USF & G v. Ferguson, 698 So.2d 77, 81-82 (¶¶ 15-16) (Miss.1997) first stated that such offsets are permitted even when the injured uninsured motorist insured will not be made whole. In Ferguson, Ferguson suffered over $100,000 in bodily injury damages as a result of an accident that was caused by the negligence of Marzee Sipes. Id. at 78(¶2). Sipes’ liability carrier, Allstate, paid the $25,000 bodily injury liability limit to Ferguson. Id. Ferguson had three vehicles insured by USF & G, which provided for uninsured motorist coverage of $25,000 per person on each vehicle, for stacked uninsured motorist coverage of $75,000 per person. Id. at (¶ 3). USF & G paid Ferguson only $5,000. Id. Ferguson filed a declaratory judgment action and the trial court ordered USF & G to pay Ferguson $75,000, with credit for the $5,000 previously paid. Id. at 78-79 (¶¶ 5-6). On appeal, the supreme court agreed that Ferguson was entitled to the $75,000 stacked uninsured motorist coverage, with credit to USF & G for the $5,000 already paid. Id. at 80(¶ 11). However, the court also held that USF & G was entitled to an offset for the $25,000 paid to Ferguson by the tort-feasor’s liability carrier despite the fact that Ferguson would not be made whole. Id. at 81-82 (¶¶ 15-16). In reaching its conclusion, the court stated that “the insurance company is bound to pay only that amount which constitutes the difference between policy limits available under an insured’s own policy and that amount received from one underinsured.” Id. at 81(¶ 13) (quoting Kuehling, 475 So.2d at 1163). The court went on to note numerous cases where it allowed offsets although the injured insured would not be made whole. See Kuehling, 475 So.2d at 1163; Miller v. Allstate Ins. Co., 631 So.2d 789, 791 (Miss.1994); Dixie Ins. Co. v. State Farm Mutual Autom. Ins. Co., 614 So.2d 918, 922-23 (Miss.1992); Brown v. Maryland Casualty Co., 521 So.2d 854, 857 (Miss.1987). Thus, based on the foregoing case law, it appears that American National is not precluded from applying its offset even though Jeffeoat will not be made whole.
¶ 17. “The purpose of uninsured motorist coverage is to provide protection for the insured to the extent that the underin-sured tortfeasor cannot pay.” Ferguson, 698 So.2d at 81—82(¶ 16). “It is not against public policy to allow an insurance company to maintain an offset clause to recover the portion of damages for which the tort-feasor is insured.” Id. Upon review, we find that according to the clear language of American National’s offset clause, giving the clause a strict interpretation in due deference to the purpose of the Uninsured Motorist Act, American National is entitled to the claimed offset. Therefore, we find that the trial court did not err in granting American National’s motion for summary judgement.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON *987 COUNTY GRANTING AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY’S MOTION FOR SUMMARY JUDGMENT IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.