662 So.2d 1092 (1995)
Dudley Larry HARRISON
v.
ALLSTATE INSURANCE COMPANY.
No. 93-CA-01050-SCT.
Supreme Court of Mississippi.
October 26, 1995.
Michael T. Lewis, Lewis & Lewis, Clarksdale; Nancy Allen Wegener, Clarksdale, for appellant.
William C. Griffin, Currie Johnson Griffin Gaines & Myers, Jackson; Le R. Brown, Brandon, for appellee.
*1093 Before HAWKINS, C.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
BANKS, Justice, for the Court:
In this case we consider whether separate insurance premiums were charged for uninsured motorist coverage under the guise of one lump sum such that the insured is entitled to stacked coverage. We find that separate premiums were charged and remand the case for a determination of damages up to the policy limits.

I.
Dudley Harrison (Harrison) was involved in a motor vehicle accident with Timothy Clark, an uninsured motorist, on May 17, 1991, on Highway 12 in Humphreys County and suffered bodily injuries in excess of $20,000. Harrison was insured under an Allstate automobile policy which insured two vehicles. Prior to amendments, the policy provided uninsured motorist coverage of $10,000 per person and $20,000 per accident for each occurrence. Allstate charged a premium of $22.50 for the first car and each additional car thereafter. Thus, an insured would be charged $45 for stacking two vehicles. In 1989, Allstate added Endorsement AU1865-1 to its policies which prohibits stacking.[1] Allstate also amended its billing structure to charge a single premium of $52.40 for uninsured motorist coverage under a policy listing two or more vehicles (hereinafter referred to as the multi-car rate), and charged $28.40 for a policy listing only one vehicle (hereinafter referred to as the single car rate). Prior to October 1989, Allstate charged a separate uninsured motorist premium for each automobile it insured under a policy. As the result of Harrison's accident, Allstate tendered a check for uninsured motorist benefits to him in the amount of $10,000 and paid $1,000 for applicable medical payments coverage. Allstate, however, denied Harrison's claim for an additional $10,000 in uninsured motorist benefits.
On September 25, 1991, Harrison filed suit against Allstate demanding $20,000 in stacked uninsured motorist coverage, and $5,000,000 in punitive damages. Allstate filed a motion for summary judgment requesting the court to find that Harrison was not entitled to any additional uninsured motorist benefits under the policy. In the alternative, Allstate claimed that it did not act in bad faith when denying Harrison's claim, and thus, was not subject to punitive damages. Harrison cross-motioned for partial summary judgment requesting that the court find endorsement AU1865-1 invalid under the rationale that it charges a multiple premium for two vehicles covered for uninsured motorist benefits.
The court found that Mississippi law precluded anti-stacking provisions only where separate premiums are charged for each vehicle. The court found that the language limiting stacking was not ambiguous, but to the contrary, clearly made the point that stacking was not permitted. Relying on an affidavit submitted by Jeffrey Ill, an associate actuary employed by Allstate, the court found that although Harrison's premium was higher than a premium insuring one car, the charge remained constant whether two or more than two vehicles were covered. It was reasoned that "the difference in the premium charged for one vehicle and the premium charged for two or more vehicles reflects solely the difference in expected claim frequency, the number of claims filed, and makes no allowance for increased losses under a multiple vehicle policy."
The court rejected the merits of an opposing affidavit submitted by Michael Barranco, an insurance consultant, who asserted that Allstate's new rate structure was a transparent device to charge separate premiums in the guise of a lump sum. Barranco's affidavit was rejected as insufficient to create a genuine issue of material fact because it was not supported by any evidence. Thus, the court found that Harrison was neither entitled to additional uninsured motorist benefits nor punitive damages. Aggrieved, Harrison *1094 filed a notice of appeal on September 15, 1993.

II.
Harrison contends that he was charged two uninsured motorist premiums under the guise of one lump sum on his declaration sheet. He argues that although Allstate's endorsement states that only one premium will be charged for uninsured motorist coverage on multiple vehicles, a premium of $52.40 is charged on the declaration sheet for his two vehicles, while the premium for a single vehicle is only $28.40  a $24 difference. Based on this difference, Harrison argues that he was charged separate premiums for his two vehicles and, therefore, is entitled to stacked coverage. Government Employees Insurance Co. v. Brown, 446 So.2d 1002, 1006-07 (Miss. 1984) (Where the language of an uninsured motorist policy clearly and unambiguously precludes stacking, but the declaration sheet charges separate uninsured motorist premiums for three vehicles, the language in the policy becomes ambiguous. The aggregation of uninsured motorist coverage shall be permitted because plural premiums were charged.). He contends that the only difference between the present case and Brown is that the declaration sheet in Brown listed the premiums separately while Allstate, in the present case, impermissibly lumped multiple premiums together on the declaration page.
Allstate asserts that it offered evidence via Jeffrey Ill's affidavit stating that Allstate charged a single premium for multi-car policies which would apply whether Harrison insured two, four, or twenty vehicles. Allstate contends that Ill's affidavit evinces that Allstate's single premium for multi-car policyholders does not account for the increased loss severity that would result if stacked coverage limits were provided, but accounts for the increased frequency of loss occasioned by the fact that more than one car is insured.
We find Harrison's claim well taken. Summary judgments should be granted with great caution. We have clearly held that an insurer's attempt to preclude stacking is ineffective either where the language of the policy is ambiguous, or where the policy language clearly precludes stacking but the declaration sheet charges separate uninsured motorist premiums thereby rendering the policy, as a whole, ambiguous. Brown, 446 So.2d at 1002. Where separate premiums are paid, the presumption arises in favor of aggregation of uninsured motorist coverage, notwithstanding clear and unambiguous language to the contrary. Hartford Acc. & Indem. Co. v. Bridges, 350 So.2d 1379, 1381 (Miss. 1977). Unclear and ambiguous insurance contract language will be resolved in favor of the insured. Brown, 446 So.2d at 1006.
It is uncontested that Allstate's policy language, on its face, clearly precludes stacking as the policy provides:
If you have two or more autos insured in your name and one of these autos is involved in an accident, only the coverage limits shown on the declarations page for that auto will apply. When you have two or more autos insured in your name and none of them is involved in the accident, you may choose any single auto shown on the declarations page and the coverage limits applicable to that auto will apply. The limits available for any other auto covered by this policy will not be added to the coverage for the involved or chosen auto.
Although the policy language precluding stacking is clear, we find that Harrison was actually charged separate premiums for his two vehicles under the guise of one lump sum on his declaration sheet. Because the premium for two cars is $24 more than the premium for one car, Allstate clearly charges an additional premium for the second car. We find this case factually similar to Brown, the only difference being that Allstate in the present case charged separate uninsured motorist premiums by lumping them together on the declaration sheet. We do not consider whether a second premium is charged for policies insuring more than two cars as such issue is not presently before us.
In Nationwide Mut. Ins. Co. v. Garriga, 636 So.2d 658, 665 (Miss. 1994), we held that "carriers are commanded by statute to provide *1095 coverage up to the amount of liability insurance purchased." Thus, Harrison is entitled to stack his uninsured motorist coverage up to his policy limits of $20,000. Because the record is absent of any stipulation as to damages, we remand the case for a determination of damages up to the policy limit.
Although Harrison is entitled to stacked uninsured motorist coverage, he is not entitled to punitive damages for Allstate's denial of his claim. The issue presented in this case is one of first impression in this state. Thus, Allstate had no prior notice that its revised policy was in contravention of our laws regarding stacked coverage. Furthermore, Allstate paid Harrison the benefits it thought he was entitled to receive and did not engage in malicious conduct. Thus, Harrison's claim for punitive damages must fail. See Life & Cas. Ins. Co. of Tenn. v. Bristow, 529 So.2d 620, 622 (Miss. 1988) (to recover punitive damages, insurer must lack an arguable reason for denying benefits, and insured must show malice, gross negligence, or wanton disregard of the rights of the insured).
For the foregoing reasons, we reverse and remand this case for further proceedings.
REVERSED AND REMANDED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in result only.
DAN M. LEE, P.J., and PITTMAN, J., not participating.
NOTES
[1] "Stacking" refers to the practice of allowing an insured to add or "stack" the limits of each vehicle covered under an insurance policy to pay for damages sustained in an accident. For example, if the insured obtained a policy providing $10,000 in uninsured motorist coverage for bodily injury on two vehicles, the maximum recovery would be $20,000 ($10,000 plus $10,000).