**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-60222
Summary Calendar

_____


EMMITT I. CAMP,
on Behalf of Himself and All Others Similarly Situated;

and

DANNY WALTERS,
on Behalf of Himself and All Others Similarly Situated,

Plaintiffs-Appellants,

VERSUS

ALLSTATE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(2:95-CV-419-PS)

_____

October 9, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Emmitt Camp and Danny Walters, on behalf of themselves and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

others similarly situated (collectively, the "plaintiffs", or, individually, the "Camp Sub-class" and the "Walters Sub-class"), appeal the dismissal of their claims against Allstate Insurance Company ("Allstate") for failure to state a claim under FED. R. CIV. P. 12(b)(6). Finding no error, we affirm.

I.

Plaintiffs filed the instant class action[1] against Allstate challenging Allstate's practice of precluding "stacking" for multi-vehicle uninsured or under-insured motorist coverage in the wake of *Harrison v. Allstate Ins. Co.*, 662 So. 2d 1092 (Miss. 1995).[2] Under *Harrison*, Allstate is required to allow stacked coverage for its insureds who have policies covering more than one vehicle and who pay higher premiums than they would otherwise pay to insure one vehicle. *Id.* at 1095.

Camp was involved in an accident with an under-insured motorist pre-*Harrison* and sought to stack his multi-vehicle coverage. Allstate informed Camp that, pending the outcome of

---

[1] Plaintiffs actually seek certification for two sub-classes. The Camp Sub-class purports to represent those plaintiffs who have paid premiums for multi-vehicle uninsured motorist coverage and who have filed claims against Allstate under such coverage, whereas the Walters Sub-class purports to represent those who have paid premiums for multi-vehicle uninsured motorist coverage but have not filed claims against Allstate under such coverage.

[2] "Stacking" refers to the practice of allowing an insurer to add or "stack" the limits of each vehicle covered under an insurance policy to pay for damages sustained in an accident. For example, if the insured obtained a policy providing $10,000 in uninsured motorist coverage for bodily injury on each of two vehicles, the maximum recovery under a practice of stacking would be $20,000 ($10,000 for each vehicle).

*Harrison*, it would not permit stacked coverage. Subsequent to and in accordance with *Harrison*, Allstate requested of Camp sufficient medical records to allow it to readjust his claim up to the full amount of the stacked coverage. Before Camp's claim could be readjusted, however, he filed the instant action.

Upon motion from Allstate, the district court dismissed plaintiffs' claims, noting that to the extent the complaint attempted to state a claim under pre-*Harrison* law, *Harrison* had precluded such, and to the extent the complaint attempted to state a claim under post-*Harrison* law, it was premature.

## II.

We review *de novo* the dismissal under rule 12(b)(6). *See Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.), *cert. denied*, 115 S. Ct. 189 (1994). Plaintiffs first assert that under *Cruz v. Hauck*, 627 F.2d 710, 715 (5th Cir. 1980), the district court erred in dismissing the instant case on its merits without first determining whether the claim could be certified as a class action. We disagree.

We have held, since *Cruz,* that the timing requirements of FED. R. CIV. P. 23(c)(1) are not absolute, and thus class action litigation may be halted by a motion to dismiss or for summary judgment. *See Floyd v. Bowen*, 833 F.2d 529, 534 (5th Cir. 1987). We agree with Allstate that *Cruz* is more properly limited, by its

facts, to the proposition that where a delay in ruling on class certification may render a live controversy moot, it is error to dismiss a case for mootness before first attending to the certification issues. *See Cruz*, 627 F.2d at 714-15.

Plaintiffs next claim that the Walters Sub-class actions should not have been dismissed, because Allstate's obligations under Harrison *might result* in injuries to members of the sub-class, notwithstanding the fact that none of such sub-class members has ever filed a coverage claim with Allstate. It is elementary that an "irreducible constitutional minimum of standing" is "injury in factSSan invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted).

Because, by definition, none of the members of the Walters Sub-class has suffered any "actual or imminent" injury, they lack standing to assert their claims. Should they in fact suffer injury at a later date, their claims may become justiciable. *See id*. at 564 ("Such 'some day' intentions . . . do not support a finding of the 'actual or imminent' injury that our cases require.") (citation omitted).[3]

---

[3] Allstate also notes correctly, in this regard, that *Harrison* expressly held that Allstate was in fact deemed to have provided stacked coverage under its existing policies, even though it never intended so to provide. Hence, members of the Walters Sub-class, who by definition never filed a claim pre-*Harrison*, actually were receiving precisely the coverage they should have received.

With respect to the Camp Sub-class, Plaintiffs contend that Allstate has a duty under Mississippi law, post-*Harrison,* to notify members of the Sub-class of their right to stack uninsured motorist coverage under their existing policies, and its failure to comply with said duty has resulted in damages to the Sub-class members. We need not decide whether Mississippi law confers such a duty on Allstate, however, because the Sub-class is improper as formed.

Camp, by his own admission, acknowledges that he was made aware by Allstate of his rights to stack post-*Harrison*. Hence, because he is not a member of the sub-class he purports to represent—the Sub-class comprises individuals to whose attention Allstate allegedly has failed to bring *Harrison*—Camp's claims are not typical of other sub-class claims, nor can he be an adequate sub-class representative.

Camp's typicality with the other sub-class claims is undermined further by the unique factual questions surrounding his claim—whether he suffered injury sufficient even to implicate a full second stacked limit and, if so, the actual extent of such damages.[4] As such, the class cannot be certified. *See, e.g.*, *Merrill v. Southern Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986); *Everitt v. City of Marshall*, 703 F.2d 207, 211 (5th Cir.), *cert. denied*, 464 U.S. 894 (1982).

---

[4] We agree with Allstate that such uniqueness attaches to any potential Camp Sub-class claimant, making the commonality and typicality requirements for class certification difficult to satisfy.

5

AFFIRMED.