UNITED STATES COURT OF APPEALS
For the Fifth Circuit

No. 96-60537
Summary Calendar

ROBERT CHARLES THOMAS, As Co-Administrators of the
Estate of Katherine Thomas, All as the Wrongful Death
Beneficiaries of Ravella Burns; EDWARD THOMAS, As
Co-Administrators of the Estate of Katherine Thomas,
All as the Wrongful Death Beneficiaries of Ravella
Burns; MOSES THOMAS, As Co-Administrators of the
Estate of Katherine Thomas, All as the Wrongful Death
Beneficiaries of Ravella Burns; HENRY HAYWOOD, JR.,
As Co-Administrators of the Estate of Katherine Thomas,
All as the Wrongful Death Beneficiaries of Ravella Burns;
DELORES THOMAS, As Co-Administrators of the Estate of
Katherine Thomas, All as the Wrongful Death Beneficiaries
of Ravella Burns,

Plaintiffs-Appellants,

VERSUS

ALLSTATE INSURANCE,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Mississippi
(3;93-CV-601-BN)

April 25, 1997

Before JONES, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

## BACKGROUND

On September 2, 1990, Ravella Burns ("Burns") was involved in a two vehicle accident in Adams County, Mississippi, and died as a result of that accident. The other vehicle involved in the accident was driven by Joseph R. Ware and neither Ware nor the vehicle he was driving was covered by any automobile liability insurance at the time of the accident. Burns, however, was insured pursuant to the terms of an automobile insurance policy issued by Allstate. The Allstate policy provided uninsured motorist coverage for Burns' vehicle involved in the accident, as well as two other vehicles. Pursuant to its interpretation of its policy, Allstate paid to the estate and representatives of Burns $10,000 in uninsured motorist coverage benefits. The wrongful death beneficiaries of Burns, the plaintiffs in this action, assert that even though the Allstate policy contains a "anti-stacking" provision, the uninsured motorist coverage should be stacked to provide a total recovery of $30,000 (i.e., $10,000 for each of the three covered vehicles). They claim Allstate owes them an additional $20,000 in uninsured motorist benefits. Allstate admits that the plaintiffs, as the wrongful death beneficiaries of Burns,

---

[*]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

have suffered damages of at least $30,000.

After this lawsuit was initiated, the district court entered an order on April 28, 1995, staying this action pending a decision by the Mississippi Supreme Court in **Harrison v. Allstate**, 662 So. 2d 1092 (Miss. 1995). The **Harrison** decision was rendered on October 26, 1995, and held that (1) the insured could stack two bodily injury uninsured motorist coverages; and (2) Allstate could not be liable for punitive damages because the issue presented was one of first impression in Mississippi. *Id*. at 1094-95. The Mississippi Supreme Court, however, declined to consider and **Harrison** did not consider the issue presented in this case, i.e., if more than two cars are covered by the insurance policy, does the premium charge for uninsured motorist coverage permit the stacking as to each additional car. Because of **Harrison**, Allstate paid to the plaintiffs an additional $10,000 plus interest but denies that it owes any additional coverage for the third car covered by Burns' policy. Allstate moved for summary judgment and the district court granted such motion by an opinion and order filed under date of July 9, 1996, and entered final judgment on July 9, 1996, in favor of Allstate. The plaintiffs timely appealed.

## OPINION

We have carefully reviewed the briefs, the record excerpts and relevant portions of the record itself. For the reasons stated by

3

the district court in its opinion and order filed under date of July 9, 1996, the final judgment entered under date of July 9, 1996, is

**AFFIRMED.**