**Robert Charles THOMAS and Henry Haywood, Jr., Administrator, Plaintiff,**

v.

**ALLSTATE INSURANCE, Defendant.**

**Civil Action No. 3:93–cv–600WS.**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 4, 1998.

Bruce M. Kuehnle, Jr., Adams, Forman, Truly & Smith, Natchez, MS, for plaintiffs.

Jimmie B. Reynolds, Jr., Steen, Reynolds & Dalehite, Jackson, MS, William C. Griffin, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, for defendant.

## *ORDER*

WINGATE, District Judge.

Before the court is the motion of the plaintiffs, Robert Charles Thomas and Henry Haywood, Jr., to alter or amend this court's Order fully and finally dismissing the above-styled cause which was signed and entered by the court on May 28, 1998. Previously, this case was dismissed administratively without prejudice pending appeal of a companion case, *Thomas v. Allstate Insurance Company*, 969 F.Supp. 1352 (S.D.Miss.1996), Civil Action No. 3:93–cv–601BN (hereinafter the "companion case"), to the United States Court of Appeals for the Fifth Circuit. All the plaintiffs in the instant case were identical to or in privity with those parties in the case being appealed. Moreover, the issues on appeal were the same as those to be considered in the instant case. Thus, this court dismissed the instant case administratively, but retained jurisdiction to

reopen the instant case, if necessary, once appeal of the companion case was concluded. Of course, the necessity of reopening the instant case depended wholly upon the Fifth Circuit's view of Judge William H. Barbour, Jr.'s holding in the companion case. If the Fifth Circuit upheld Judge Barbour's decision, then, because the issues in the companion case were the same as those yet to be considered by this court, there would be no basis for reopening the instant case.

Both the instant case and the companion case involved the same automobile insurance policy and the same question of "stacking" [1] uninsured motorist coverages under Mississippi law—whether, if two or more cars are covered by an insurance policy, the coverage permits the stacking of each additional car. Based on the Mississippi Supreme Court decision in *Harrison v. Allstate*, 662 So.2d 1092 (Miss.1995), the Honorable Judge William H. Barbour, Jr., on July 9, 1996, held that the plaintiffs could stack only two of the three uninsured motorist coverages under the plaintiff's Allstate policy. The Mississippi Supreme Court in *Harrison v. Allstate*, a case involving the same type policy as presented in the instant case, stated as follows:

> Although the policy language precluding stacking is clear, we find that Harrison was actually charged separate premiums for his two vehicles under the guise of one lump sum on his declaration sheet. Because the premium for two cars is $24 more than the premium for one car, Allstate clearly charges an additional premium for the second car. We find this case factually similar to *Brown*, the only difference being that Allstate in the present case charged separate uninsured motorist premiums by lumping them together on the declaration sheet. We do

not consider whether a second premium is charged for policies insuring more than two cars as such issue is not presently before us.

*Id.* at 1094.

The Mississippi Supreme Court relied on *Government Employees Insurance Co. v. Brown*, 446 So.2d 1002, 1006–07 (Miss. 1984), holding that, "where the language of an uninsured motorist policy clearly and unambiguously precludes stacking, but the declaration sheet charges separate uninsured motorist premiums for three vehicles, the language in the policy becomes ambiguous. The aggregation of uninsured motorist coverage shall be permitted because plural premiums were charged."

In the companion case, Judge Barbour held that, "[u]nder Mississippi law, stacking is not mandated by statute, but is rather required in cases where an insurance policy is ambiguous concerning whether more than one premium is being charged for more than one uninsured motorist coverage. The Allstate Policy is clear on this issue. The language of Endorsement AU1865–1, as well as the explanatory inserts accompanying that Endorsement, set forth in clear and unambiguous language that stacking will not be permitted under the policy." Nevertheless, Judge Barbour concluded, Allstate charged one premium for single-vehicle uninsured motorist coverage and one higher premium for multi-vehicle uninsured motorist coverage, regardless of the number of vehicles being covered. Because only one higher premium was charged by Allstate for multi-vehicle uninsured motorist coverage, rather than multiple premiums disguised in one lump sum, Judge Barbour permitted the plaintiffs to stack the coverages of two cars, but not three cars, because the stacking

---

1. "Stacking" is defined by Mississippi law as the practice of allowing an insured to add or "stack" the limits of each vehicle covered under an insurance policy to pay for damages sustained in an accident. For example, if the insured obtained a policy providing $10,000

in uninsured motorist coverage for bodily injury on two vehicles, the maximum recovery would be $20,000 ($10,000 plus $10,000). *Harrison v. Allstate Ins. Co.*, 662 So.2d 1092, 1093 n. 1 (Miss.1995).

of three cars would have been contrary to the explicit language contained in the Allstate Policy and would have entitled the plaintiffs to additional coverage for which no premium had been paid. *Thomas v. Allstate,* 969 F.Supp. at 1358–59.

On April 25, 1997, the Fifth Circuit, in an unpublished Opinion, affirmed the ruling of the United States District Court in the companion case and issued its mandate on May 22, 1997. On September 8, 1997, the Fifth Circuit denied the plaintiffs' motion to recall the Court's mandate and to file an out-of-time petition for rehearing. The plaintiffs did not seek to appeal the companion case to the United States Supreme Court. Meanwhile, the instant case remained closed, subject to the res judicata effect of the Fifth Circuit's decision.

Then, on July 31, 1997, merely two months after the issuance of the Fifth Circuit's mandate in the companion case, the Mississippi Supreme Court announced a "new public policy" in the case of *United States Fidelity and Guaranty Company v. Ferguson,* 698 So.2d 77 (Miss.1997). The Court pronounced that,

> "a new public policy against anti-stacking provisions in insurance contracts in this State as applied to UM (uninsured motorist) coverage. We will no longer permit insurance companies to circumvent our decisions and defeat public policy by denying insureds their full aggregate UM coverage for which they pay a premium. Regardless of the number of premiums paid or the amount of the premium(s), we will allow stacking of uninsured motorist coverage for all cars covered under insurance polices for UM coverage."

*Id.* at 82.[2]

In November of 1997, the plaintiffs presented a motion to reopen the instant case

for the apparent purpose of replaying the already-decided contest in a different ballpark. No other reason was stated in the plaintiffs' motion to reopen. Based on Judge Barbour's findings, and the affirmance of his decision by the Fifth Circuit, this court found no basis for reopening the instant case and denied the plaintiffs' motion, noting that this court was in no position to second guess either Judge Barbour's well-reasoned Opinion or the affirmance of that Opinion by the Fifth Circuit. This court also noted that it was bound by the principles of res judicata and collateral estoppel and could not reconsider already-decided issues.

■ Then, on June 5, 1998, this court received the plaintiffs' motion to "alter or amend judgment"[3] pursuant to Rule 59 of the Federal Rules of Civil Procedure. According to the plaintiffs' previous motion to reopen[4] the instant case, which this court denied, the plaintiffs believed they were entitled to reopen this case once the companion case was decided on appeal as a matter of course, regardless of what the Fifth Circuit's holding was in the companion case. Now, the plaintiffs call this court's attention to the Mississippi Supreme Court's decision in *Ferguson* and urge this court to reconsider its May 28, 1998, Order based on Mississippi's change of policy, notwithstanding that the res judicata effect of Judge Barbour's decision in the companion case already was ensconced prior to the Mississippi Supreme Court's decision. Thus, in this court's view, the question now is whether the plaintiffs are bound by the res judicata effect of the Fifth Circuit's affirmance of the companion case which preceded the Mississippi Supreme Court's decision in *Ferguson,* or entitled to benefit from the decision in *Ferguson* retroactively.[5]

---

**2.** USF & G did not appeal this decision to the United States Supreme Court.

**3.** The plaintiffs treated this court's Order as a final judgment.

**4.** The plaintiffs acknowledge that this case was closed at the time of the Fifth Circuit's affirmance of Judge Barbour's decision in the companion case.

**5.** The general rule in Mississippi is that judicially enunciated rules of law are applied

■ This court finds that the doctrine of res judicata applies in the instant case. The Fifth Circuit holds that state law determines the preclusive effect of a prior state court judgment, while federal law determines the preclusive effect of a prior federal diversity judgment such as was rendered by Judge Barbour in the companion case. *See Kurzweg v. Marple,* 841 F.2d 635, 639 (5th Cir.1988); *Robinson v. National Cash Register Company,* 808 F.2d 1119, 1124 (5th Cir.1987) (federal law determines the res judicata effect of a prior federal court judgment); and *Sidag Aktiengesellschaft v. Smoked Foods Products Company,* 776 F.2d 1270, 1273 (5th Cir.1985) (same).

■ This court also finds that the res judicata effect of Judge Barbour's decision and its affirmance by the Fifth Circuit was not disturbed by the Mississippi Supreme Court's subsequent decision in *Ferguson.* "The theoretical effect of a decision overruling precedent with retroactive effect is not to change the results previously reached, but to render erroneous the precedential authority now overruled.... [T]he res judicata effect of a judgment is not in the least diminished by the fact that it was erroneous.... [C]hanges of law effected by judicial decision ... with retroactive effect ... cannot provide the basis for litigation that would previously have been barred by res judicata...." *See* 1B MOORE'S FEDERAL PRACTICE ¶ 0.415 at p. III–309 (2d ed.1993) (footnotes omitted).

■■ Res judicata, or claim preclusion, is the "venerable legal canon" that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. *United States v. Shanbaum,* 10 F.3d 305, 309 (5th Cir.1994), citing *Medina v. I.N.S.,* 993 F.2d 499, 503 (5th Cir.1993). Claim preclusion is appropriate only if four conditions are satisfied: first, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action; secondly, the judgment in the prior action must have been rendered by a court of competent jurisdiction; thirdly, the prior action must have concluded with a final judgment on the merits; and, fourthly, the same claim or cause of action must be involved in both suits. *Id.* at 309, citing *Eubanks v. Federal Deposit Ins. Corp.,* 977 F.2d 166, 169 (5th Cir.1992).

■■ This court is satisfied that all four conditions required for the application of res judicata or claim preclusion are present in the instant case. The parties, while not identical, are in privity with one another. For res judicata purposes, the Fifth Circuit holds that privity exists in just three, narrowly-defined circumstances: (1) where the non-party is the successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit. *See Meza v. General Battery Corporation,* 908 F.2d 1262 (5th Cir.1990), citing *Howell Hydrocarbons, Inc. v. Adams,* 897 F.2d 183, 188 (5th Cir.1990), and *Southwest Airlines v. Texas International Airlines,* 546 F.2d 84, 95 (5th Cir.), *cert. denied,* 434 U.S. 832, 98 S.Ct. 117, 54 L.Ed.2d 93 (1977). Clearly, the first element which establishes privity applies in the instant case. The companion case and the instant case involve the successors in interest to the uninsured motorist benefits pertaining to an Allstate policy covering an automobile driven by Ferd Burns at the time his wife, Ravella Burns, was a passenger. Both Ferd and Ravella Burns were killed in the accident which forms the basis of this litigation. The plaintiffs brought two lawsuits in state court, one on behalf of the wrongful death beneficiaries of Ferd Burns, and the other on behalf of the wrongful death beneficiaries of Ravella Burns. All the successors in interest to the benefits of Ferd and Ravella Burns made the same claim and sought the same relief—that the uninsured motorist cover-

retroactively. *See Hall v. Hilbun,* 466 So.2d 856, 876 (Miss.1985).

age of all three automobiles belonging to the Burns which were covered by the same Allstate policy should be aggregated and paid to the successors in interest of Ferd Burns and Ravella Burns. Additionally, the third of the three elements, any one of which establishes privity, is present in the instant case since the wrongful death beneficiaries of Ravella Burns were adequately represented by the parties to the companion case with regard to the stacking issue. Either group of wrongful death beneficiaries, who were represented by the same estate administrators, was fully able to resolve the stacking issue for the other.

Finally, Judge Barbour's court was a court of competent jurisdiction to resolve the stacking issue. Jurisdiction over this lawsuit and the companion case was based on diversity of citizenship and adequate amount in controversy pursuant to Title 28 U.S.C. § 1332; and Judge Barbour entered a final judgment on the merits of the companion case which was upheld by the Fifth Circuit and dispositive of the wrongful death beneficiaries' claim in the instant case.

■■ Thus, claim preclusion prohibits the plaintiffs in the instant case from raising any claim or defense that was or could have been raised in support of, or in opposition to, the cause of action in the companion case. *See Shanbaum,* 10 F.3d at 309, citing *In re Howe,* 913 F.2d 1138, 1144 (5th Cir.1990). Moreover, retroactivity of judicial decisions in civil cases must be limited by the need for finality. *See James B. Beam Distilling Company v. Georgia,* 501 U.S. 529, 111 S.Ct. 2439, 2446, 115 L.Ed.2d 481 (1991). In this case, the res judicata effect of the companion case already was in place when the Mississippi Supreme Court issued its decision in *Ferguson.* Therefore, the motion of the plaintiffs to alter or amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure is hereby denied.