# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-00936-SCT

*NOXUBEE COUNTY SCHOOL DISTRICT*

*v.*

*UNITED NATIONAL INSURANCE CO. AND*
*MURDOCK CLAIMS MANAGEMENT COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/7/2003 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| COURT FROM WHICH APPEALED: | NOXUBEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KENNETH MAYFIELD |
| | BENNIE L. TURNER |
| | WILLIAM E. CATLEDGE |
| ATTORNEYS FOR APPELLEES: | REBECCA SUZANNE BLUNDEN |
| | CHARLES G. COPELAND |
| | J. WADE SWEAT |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 09/30/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, JUSTICE, FOR THE COURT:**

¶1.     This case involves an insurance dispute between an insurer and an insured with the central issue bearing on coverage and the applicability of an exclusionary clause. The trial court granted summary judgment in favor of defendants United National Insurance Company and Murdock Claims Management Company. We are called upon to consider whether the trial court's grant of summary judgment was proper in this case. Finding no reversible error, we affirm the trial court's judgment.

**FACTS AND PROCEEDINGS BELOW**

¶2.　　On November 11, 1999, United National Insurance Company ( "United") issued and Noxubee County School District ( "Noxubee County") purchased a School Board Legal Liability policy.[1] The policy contained the following relevant language:

> The Company will pay on behalf of the INSURED all sums which the INSURED shall become legally obligated to pay as DAMAGES to which this insurance applies, not exceeding the limit of liability, as a result of CLAIMS first made against any INSURED during the POLICY PERIOD or, if applicable, the Basic Extended Discovery Period and/or the Supplemental Extended Discovery Period, as provided for in ARTICLE III, below, by reason of WRONGFUL ACTS OR WRONGFUL EMPLOYMENT ACTS in the performance of duties on behalf of the EDUCATIONAL ENTITY. This insurance does not apply to WRONGFUL ACTS or WRONGFUL EMPLOYMENT ACTS which occurred before the Retroactive Date, if any, shown in the Declarations or which occur after the end of the POLICY PERIOD.

The policy also contained the following exclusionary clause ( "Exclusion 12") which is applicable:

> The Company shall not make any payment relative to, nor defend any suit in connection with, any CLAIMS made against an INSURED: . . . . . . . . (12) For back wages, overtime, or future wages (even if designated as liquidated damages); or arising from collective bargaining agreements.

¶3.　　On July 12, 2000, more than 100 of its employees and former employees ("Plaintiffs") brought suit against Noxubee County in federal district court alleging that Noxubee County failed to compensate them for overtime work pursuant to §216(b) of the Fair Labor Standards Act ("FLSA")(hereinafter "overtime suit").[2] The Plaintiffs sought compensation for their overtime pay, statutory penalties permitted by the

---

[1] Policy LSB 0000595 was effective from October 1, 1999, to October 1, 2000. The school board policy provided $1,000,000.00 in liability coverage per claim subject to an annual aggregate limit of $1,000,000.00. The policy was subject to a $2,500.00 deductible.

[2] 29 U.S.C. §216(b) (2001) is the enforcement provision of the Fair Labor Standards Act of 1938, as amended. In addition to employee compensation, the statute allows for statutory penalties and attorneys' fees. The United States Supreme Court has held that §216(b) is unconstitutional to the extent that it allows for suits against states in state courts which have not waived sovereign immunity. *See **Alden v. Maine,*** 527 U.S. 706, 707, 119 S. Ct. 2240, 144 L.Ed. 2d 636 (1999).

FLSA, and an award of attorneys' fees as mandated by the FLSA.[3] Shortly thereafter, Noxubee County forwarded a demand letter along with the Plaintiffs' complaint to Chandler-Sampson Insurance Agency ("Chandler-Sampson"), the local agent for United. In its letter to Chandler-Sampson, Noxubee County stated it had been made a defendant in a lawsuit by employees asserting that they were entitled to overtime compensation. During the claims process, Noxubee County also notified Southern Cross Underwriters, Inc. ( "Southern Cross"), the underwriter of this particular policy, concerning the overtime suit and the possible exposure to liability. Shortly thereafter, Murdock Claims Management Company ( "Murdock"), the claims adjuster for United, informed Noxubee County that United was denying Noxubee County's request for coverage. United identified the basis for this denial was Exclusion 12 of the policy, which provided that Noxubee County was not entitled to a defense to or indemnification for a claim against it for overtime.

¶4.     Seven months later, Noxubee County stated its disagreement with United's response and memorialized its position in a letter dated May 11, 2001. Upon receipt of this letter, Murdock reopened the file and sought an outside legal opinion as to the coverage issues presented by Noxubee County. Murdock hired an independent law firm to review the merits of the overtime suit, the applicable provisions of the school board policy, and any controlling case law. Its findings revealed that the prior denial of coverage was "both appropriate and correct." Murdock communicated its continuing denial of Noxubee County's request for coverage in the overtime suit.

---

[3] The demand for attorneys' fees made by the Plaintiffs was only viable because of the language of 29 U.S.C. §216(b). Generally, Mississippi does not allow for attorneys' fees when such an award is "not authorized by the contract [in dispute] or by statute." *Hamilton v. Hopkins,* 834 So.2d 695, 700 (Miss. 2003); *Miller v. Allstate Ins. Co.,* 631 So.2d 789, 795 (Miss. 1994).

¶5.     As a result, on August 27, 2001, Noxubee County filed this suit in the Circuit Court of Noxubee County, Mississippi, against United, Murdock, Southern Cross, and Chandler-Sampson.[4] Noxubee County filed an Amended Complaint against Wellington & Associates as an additional defendant, but Wellington & Associates was never served. On January 17, 2003, United and Murdock filed a joint motion for summary judgment. On January 29, 2003, Noxubee County moved for partial summary judgment. On March 12, 2003, the trial court, from the bench, granted summary judgment in favor of United and Murdock. Noxubee County appeals the ruling of the trial court, citing three errors. Finding none, we affirm the trial court's grant of summary judgment in favor defendants, United and Murdock.

## DISCUSSION

¶6.     The standard for summary judgment is governed by Rule 56 of the Mississippi Rules of Civil Procedure. Miss. R. Civ. P. 56. Under Rule 56(c), "judgment shall be rendered . . . if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* In reviewing a trial court's grant of summary judgment, the standard of review is well settled in Mississippi. This Court employs a de novo standard in reviewing a trial court's grant of summary judgment. *O'Neal Steel, Inc. v. Millette*, 797 So.2d 869, 872 (Miss. 2001). In conducting the de novo review, this Court looks at all evidentiary matters, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So.2d 845, 847 (Miss. 2001). This evidence must be viewed in the light most favorable to the party against whom the motion for summary judgment has been made. *See Hartford Cas. Ins. Co. v.*

---

[4] Southern Cross and Chandler-Sampson were later dismissed by an agreed order filed on March 21, 2003.

4

*Halliburton Co.,* 826 So.2d 1206, 1209 (Miss. 2001); *Leslie v. City of Biloxi*, 758 So.2d 430, 431 (Miss. 2000); *Brown v. Credit Ctr., Inc.,* 444 So.2d 358, 362-65 (Miss. 1983).

## I. Did the trial court prematurely and incorrectly grant summary judgment in favor of United and Murdock?

¶7. Noxubee County argues that the trial court failed to examine all the evidence as well as the briefs before granting summary judgment in favor of United and Murdock. Also, Noxubee County alleges that the grant of summary judgment was a premature approach to dispose of this litigation considering that the impending trial date was but a few weeks away from the summary judgment hearing. Thus, Noxubee County believes that the trial court's grant of summary judgment improper, and too hasty. We hold that both these contentions lack legal substance and are without merit.

¶8. In reaching its decision on summary judgment, the trial court referred to and relied upon *Oktibbeha County Sch. Dist. v. Coregis Ins. Co,* 173 F. Supp. 2d 541, 543 (N.D. Miss. 2001), for the proposition that a school district's failure to comply with FLSA in a manner which makes the school district liable for overtime compensation is not a "loss" within the meaning of a district's legal liability policy. We note that *Coregis* is factually similar to this case. In *Coregis*, Plaintiffs brought suit against the Oktibbeha County School District alleging that the school district failed to pay them overtime compensation in violation of FLSA. *Id.* at 542. The Oktibbeha County School District had a school board policy with Coregis Insurance Company which provided coverage for damages resulting from a "wrongful act." *Id.* at 543. The school board argued that insurance policy issued to the school district indemnified the district for damages paid as a result of the overtime suit. *Id.* In *Coregis*, the trial court disagreed with the school district and held that the school district's failure to comply with FLSA in a manner which makes the school

district liable for overtime compensation is not within the scope of coverage of the district's legal liability policy. *Id.*

¶9.     In comparing the instant action with *Coregis*, we note that the policy language presented in this case is actually clearer than the policy language in *Coregis*. For instance, the policy in *Coregis* defined a wrongful act as "any act, error or omission of an Insured constituting a breach of a duty imposed by law or a breach of an Employment Contract." *Id.* The policy here "wrongful act" as follows:

> [A]ny actual or alleged errors, misstatements, misleading statements, acts or omissions, neglect or breach of duty, individually or collectively including actual or alleged violations of civil rights protected under 42 U.S.C. §1981 et. seq., or any similar federal, state or local laws, or any matter claimed against an INSURED solely by reason of their being or having been INSUREDS which were committed solely in the performance of duties for the EDUCATIONAL ENTITY . . . . .

Likewise, the United policy defines a "wrongful employment act" as either the "refusal to employ," the "termination of employment," or "coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or other employment-related practices, policies, acts or omission." It is clear to this Court that Noxubee County's deliberate decision not to compensate its employees for overtime pay is neither a "wrongful act" nor a "wrongful employment act" within the definitions under this policy. Such a deliberate decision would certainly not give rise to coverage under these facts before this Court.

¶10.     Further, the trial court in *Coregis* held that even if the Oktibbeha County overtime suit was within the meaning of a "wrongful act," the policy contained two provisions which; nevertheless, excluded coverage. *Id.* The exclusionary provisions in *Coregis* are set forth below:

> Exclusion A: [A]ny Claim or Loss Arising Out of any Insured gaining profit, remuneration or advantage to which the Insured is not entitled is specifically excluded

6

from coverage. Exclusion B: [A]ny claim or Loss Arising Out of any criminal, dishonest, malicious, fraudulent or knowingly wrongful act or omission.

*Id.* Here, Noxubee County's policy contained Exclusion 12 which expressly excludes any claim for "back wages, overtime, or future wages (even if designated as liquidated damages); or arising from collective bargaining agreements.

¶11. We hold that Noxubee County's failure to comply with FLSA in a manner which makes the school district liable for overtime compensation is neither a "wrongful act" nor a "wrongful employment act" within the meaning of a district's legal liability policy, sufficient to bar coverage. It follows that even if Noxubee County's failure to comply with FLSA would constitute a "wrongful act" or a "wrongful employment act" under the language of the policy, coverage would nevertheless be denied due to the specific exclusion of claims for back wages, overtime, or future wages as set forth in Exclusion 12. Thus, the trial court properly relied upon *Coregis*, and the grant of summary judgment in favor of United and Murdock was properly based upon this precedent.

¶12. Secondly, Noxubee County contends that the trial court reached its decision on summary judgment too quickly. After several hours of oral arguments and after reviewing Noxubee County's motion, responses, and brief, the trial judge issued a bench ruling, wherein he adopted the rationale of *Coregis*. We find this argument is not supported by any case law and is completely without merit. This Court has upheld a trial court's grant of summary judgment from the bench where the threshold requirements of Miss. R Civ. P. 56(c) have been satisfied. *See **Peden v. City of Gautier,*** 870 So.2d 1185, 1187 (Miss. 2004) (chancellor took judicial notice of a court file in an annexation proceeding and thereafter issued a ruling from the bench granting the city's motion for summary judgment). It appears that Judge Kitchens's decision to rule on the parties' summary judgment motions was reasonable and well within his discretion.

Noxubee County cites no authority from this Court which would suggest error in a trial court granting summary judgment from the bench where the familiar threshold of Rule 56(c) has been satisfied.

**II. Did the trial court err in not granting summary judgment in favor of Noxubee County on the issue of coverage under the school board policy?**

¶13. The interpretation of an insurance policy is a question of law, not one of fact. ***Lewis v. Allstate Ins. Co.,*** 730 So.2d 65, 68 (Miss. 1998) (citing ***Johnson v. Preferred Risk Auto. Ins. Co.,*** 659 So.2d 866, 871 (Miss. 1995)). Generally, under Mississippi law, when the words of an insurance policy are plain and unambiguous, the court will afford them their plain, ordinary meaning and will apply them as written. ***Paul Revere Life Ins. Co. v. Prince***, 375 So.2d 417, 418 (Miss. 1979). Under Mississippi law, ambiguous and unclear policy language must be resolved in favor of the non-drafting party -- the insured. ***Harrison v. Allstate Ins. Co.,*** 662 So.2d 1092, 1094 (Miss. 1995). Further, provisions that limit or exclude coverage are to be construed liberally in favor of the insured and most strongly against the insurer. ***Nationwide Mut. Ins. Co. v. Garriga,*** 636 So.2d 658, 662 (Miss. 1994).

¶14. Noxubee County argues that the trial court erred in its interpretation of the contractual language, specifically Exclusion 12. Noxubee County contends that the trial court gave Exclusion 12 the broadest interpretation possible, thus running afoul of the above standard. We disagree. Only when the policy language is ambiguous and unclear will the trial court resolve any differing interpretations in favor of the non-drafting party, usually the insured. ***Harrison,*** 662 So.2d at 1094. But here, a fair reading of Exclusion 12 communicates its perfect clarity. It states that United would not make any payments nor defend any suit in connection with any claims for back pay, overtime and future wages. The trial court properly observed that Exclusion 12 was unambiguously clear and concluded that the provision excluded suits

8

involving overtime compensation, as well as, damages likely to flow from such suits. To the dismay of Noxubee County, Exclusion 12 is unmistakenly clear in form as well as substance.

¶15. Noxubee County argues that in the overtime suit, the Plaintiffs sought compensation for their overtime pay, the statutory penalties permitted by the FLSA, and an award of attorneys' fees as mandated by the FLSA. While the contract excludes compensation for overtime pay, Noxubee County contends that United should be forced to indemnify it for statutory penalties and attorneys' fees which are not specifically excluded. The umbrella paragraph preceding the listed exclusions contains: "The Company shall not make any payment **relative to,** nor defend any suit **in connection with**, any CLAIMS made against an INSURED:. . . ."(emphasis added). The parties devote a great bit of attention in their briefs to the language "connected with" or "relative to." The school board policy does not define either phrase, and in such instances where the insurance policy does not provide the definition for a term or phrase, those words are afforded their ordinary and popular meaning. *Blackledge v. Omega Ins. Co.,* 740 So.2d 295, 298 (Miss. 1999). Thus, when these phrases are afforded their ordinary meanings, the policy must be construed in such a fashion that Exclusion 12 completely disallows coverage for overtime claims, as well as, payments made **relative to,** or **in connection with** overtime claims. Because Exclusion 12 prohibits overtime claims, it also bars statutory penalties and attorneys' fees arising from such overtime claims. Thus, we hold that the trial court correctly concluded that Exclusion 12 prohibited coverage for overtime compensation claims, as well as, damages relative to or in connection with such claims.

¶16. Insurance policies are contracts, and as such, they are to be enforced according to their provisions. *United States Fidelity & Guar. Co. v. Knight,* 2004 WL 1405647, at *6 (¶32) (Miss. 2004). When parties to a contract make mutual promises (barring some defense or condition which excuses

performance), they are entitled to the benefit of their bargain. Thus, insurance companies must be able to rely on their statements of coverage, exclusions, disclaimers, definitions, and other provisions, in order to receive the benefit of their bargain and to ensure that rates have been properly calculated. *Id.* Thus, United must be able to rely on the exclusions set forth in this policy to receive the benefit of its bargain with Noxubee County. Thus, the trial court did not err in denying Noxubee County's motion for summary judgment.

### III. Did Noxubee County present sufficient evidence of bad faith on the part of United to create a jury question?

¶17.   Lastly, Noxubee County avers that United's denial of coverage constituted bad faith so as to give rise to a jury question. Noxubee County contends that United and Murdock acted in bad faith in summarily denying coverage without making a proper investigation in the underlying basis for the claim. However, the record contains ample evidence that United and Murdock acted in good faith and thoroughly considered the merits of the overtime suit before denying coverage.

¶18.   The record reflects that United and Murdock considered the merits of Noxubee County's overtime suit and denied coverage based upon Exclusion 12. Also, some seven months later, Noxubee County disagreed with the position taken by United and requested that United reexamine the claim. To this end, Murdock reopened the file and sought an outside legal opinion as to the coverage issues presented by Noxubee County. Its findings revealed that the prior denial of coverage was "both appropriate and correct." Murdock communicated its continuing denial of Noxubee County's request for coverage in the overtime suit. We find that there is absolutely no evidence in the record to suggest a mishandling of the claim for coverage of the overtime suit nor a breach of the implied covenant of good faith and fair dealings

10

which United owed to Noxubee County. Clearly the actions of United and Murdock in this suit did not constitute bad faith.

## CONCLUSION

¶19. Because Noxubee County's failure to comply with the FLSA in a manner which exposes the district to liability for overtime compensation is neither a "wrongful act" nor a "wrongful employment act" within the meaning of the school board policy, the trial court did not err in granting summary judgment in favor of United and Murdock. Further, Exclusion 12 of the school board policy specifically excludes claims brought against Noxubee County regarding back wages, overtime, or future wages. Exclusion 12 is clear and unambiguous and should be enforced according to its terms. A thorough review of the record reveals absolutely no evidence of bad faith by United and Murdock in denying Noxubee County's request for coverage. Therefore, the trial court's grant of summary judgment in favor of United and Murdock was completely proper. The trial court's judgment is affirmed.

¶20. **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**